FANNY ALSTON v. THE STATE.

1. IMPERFECT VERDICT.—On a trial for theft from a house, the jury brought in a verdict, "We, the jury, find the defendants guilty, and assess their fine at twenty dollars," which the court refused to receive; after further deliberation the jury found a verdict of "guilty as charged:" Held, that as the rejected verdict was not responsive to the issue, it was properly rejected, and that it did not have the effect of acquittal as to the charge of theft from a house.
2. ADMISSIONS OF DEFENDANT.—The statements of the defendant, when examined as a witness in another case, may be given in evidence by the State against her, there being no intimidation or persuasion, although it did not appear that defendant, when examined as a witness, knew she could decline to criminate herself.
3. CONFESSIONS.—Testimony taken before an examining court and reduced to writing by the justice, but not signed by the witness, when in effect a confession, may be proven against the witness when on trial by parol evidence.
4. DOMESTIC SERVANT—THEFT.—Where the evidence showed that the accused was a domestic servant of the person from whose house the property was stolen, the offense is only simple theft, and not theft from a house.

APPEAL from Leon. Tried below before the Hon. John B. Rector.

No brief for appellant.

*George Clark, Attorney General,* for the State, cited Pas. Dig., arts. 2372, 3127; De Warren v. State, 29 Tex., 465; Slaughter v. State, 24 Tex., 410; 8 Leigh, 743; 2 Whart. Am. Cr. Law, sec. 1840.

GOULD, ASSOCIATE JUSTICE.—The appellant and Gideon Holmes were jointly indicted for theft of twenty pounds of bacon from the smoke-house of David Price. On the trial Price testified that the bacon was taken from his smoke-house, and that on making search it was found in the house of Holmes, where defendant, Alston, also lived; that at the time the bacon was taken defendant had been for some four or five days in his employ, cooking and doing other household work during his wife's illness, eating and sleeping on the place, and having free access to all the buildings and apartments. After finding the bacon Price returned home, where defendant was, and accused her of the theft, which she stoutly denied. Holmes was arrested, and, on the examination before the justice of the peace, Fanny Alston was sworn as a witness for the defense. According to the testimony of the justice and of Price, she was not under arrest, but gave her testimony freely, and without compulsion or persuasion. She testified that she took the bacon, thinking no one would care, carried it to the wash-place wrapped up in some clothing, and sent it home by Gideon Holmes. Upon this the justice ordered her arrest. The admission of these statements in evidence was objected to, on the ground that defendant was not cautioned not to criminate herself, and on the further ground that they could not be proved by parol testimony. The court instructed the jury as to theft from a house, and after defining what constituted a domestic servant, added, that if they found the defendant was a domestic servant at the time she took the bacon, if she took it, she could not be convicted under that indictment. The jury brought into court the following verdict: "We, the jury, find the defendants guilty, and assess their fine at twenty-five dollars." This verdict the court refused to receive, and instructed them to consider further. Afterwards they returned the following: "We, the jury, find the defendants guilty, and assess the punishment at

two years' imprisonment in the State penitentiary." Upon motion a new trial was granted to Holmes, but refused to Fanny Alston, who has appealed to this court. The bills of exception and assignments of error present several questions:

First. Did the court err in refusing to receive the first verdict, and did the verdict operate as an acquittal of theft from a house? This verdict was informal, was not responsive to the issue under the charge of the court, and was correctly rejected. (Pas. Dig., arts. 3092, 3093; Slaughter v. State, 24 Tex. 410.) Nor do we think this informal verdict operated as an acquittal of the higher grades of theft. The statute gives an informal verdict the force of an acquittal only in cases where "it manifestly appears that the verdict is intended as an acquittal." (Pas. Dig., art. 3093.) Outside of the statute, and tested by the rules of the common law, the conclusion is the same. The Supreme Court of Iowa, after an examination of numerous authorities, lays down this general rule: That when the verdict, especially if intended to be a verdict of guilty, is so defective and uncertain that the court does not know for what offense to pass judgment, it may be set aside by the court, even against the defendant's objection, and the proceeding is no bar to another trial. (State of Iowa v. Redman, 17 Iowa, 335.)

Was there error in admitting defendant's confessions, or in allowing them to be established by oral evidence?

Article 3126, Pas. Dig., is as follows: "The confession of a defendant may be used in evidence against him if it appear that the same was freely made, without compulsion or persuasion, under the rules hereafter prescribed." As the defendant was not in custody at the time, the rule prescribed in the next section of the Code, requiring that a party in custody be first cautioned that his confession may be used in evidence against him, does not in terms apply. It appears, however, that she knew herself to be suspected

of the theft, and it certainly would be more satisfactory if it were plain that she knew, when she testified, that she might decline to criminate herself, and if, after she had made such statements, she had been cautioned before they were used against her. The justice testified, however, that there was no intimidation or persuasion. The presiding judge, who could consider the age, situation, and character of the prisoner, held her confessions to be admissible, and we are not prepared to say that his ruling was erroneous. (1 Greenl., § 219; 18 Conn., 178.)

Nor do we think there was any error in the mode in which these confessions were proven. The statements made by defendant, as a witness on the examination of the charge against Holmes, were reduced to writing, but were not signed by her or certified by the justice. Under such circumstances oral evidence has been held admissible. (1 Greenl., § 227, note 4; Jeans v. Wheedon, 2 M. & Rob., 484.) But we are of opinion that the court erred in its charge and in not granting a new trial.

Article 2372, Pas. Dig., is as follows: "An entry into a house for the purpose of committing theft, unless the same is effected by actual breaking, is not burglary when the same is done by a domestic servant or other inhabitant of such house; and a theft committed by such person after entering a house is only punishable as simple theft." In charging the jury that if the defendant was a domestic servant in the house of Price she could not be convicted under this indictment, the court must have been of the opinion that, because in designating offenses that include different degrees, the statute specifies theft from a house as included in burglary, therefore, under an indictment of theft from a house, there could be no conviction of the lesser grades of theft. Even if this conclusion were correct, the charge was erroneous. The statute simply affixes a milder punishment to theft from a house when committed by a domestic servant. The offense is the same,

though the punishment is mitigated. The jury might say in their verdict that they find the defendant guilty, but that she was a domestic servant in the house charged, and assess the punishment of simple theft. But by the rules of the common law a defendant indicted for the statutory crime of larceny from a house may be convicted of simple larceny, and we do not think our statute varies this rule. (2 Bishop's Cr. Prac., sec. 778.) The evidence was uncontradicted that the defendant was occupying temporarily the position of a domestic servant at the house of Price, and on the law as charged the court should have granted a new trial. For this error the judgment is reversed and the cause remanded.

REVERSED.