CHAS. E. WARREN, ADMINISTRATOR, v. WALLIS, LANDES & Co.

1. EVIDENCE. The mandate and opinion of the Supreme Court rendered in a cause, cannot be admitted in evidence before the jury on a subsequent trial of the same cause.
2. EVIDENCE. It is not competent for one witness to explain the evidence of another, which has been read on the trial, with such explanations as he himself gave on cross-examination.
3. EVIDENCE. No private settlement made between partners, after an attachment has been levied on the interest of one, to secure an individual debt, can be admitted in evidence against the attaching creditor, for the purpose of proving the condition of accounts between the partners.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

Wallis, Landes & Co. sued Oscar Sullivan in the District Court of Galveston county, in debt for between one thousand one hundred dollars and one thousand two hundred dollars, and had attachment levied same day on merchandise belonging to the firm of Sullivan & Green, to the extent of Sullivan's undivided half interest therein, which undivided half interest was shown by the sheriff's return to be nine hundred and fifty-one dollars and ninety-nine cents, the whole amounting to one thousand nine hundred and three dollars and ninety-eight cents. On the 9th December, 1869, J. S. T. Green, the partner of Sullivan, filed his claim to the goods, " in his individual ca- 'pacity, and as a partner of the firm of Sullivan & Green." Green died, and Charles E. Warren was made a party as administrator.   The trial of the right of property came up for the first time in March, 1871, and resulted in a verdict for the plaintiffs.   New trial being granted, the case came on again afterwards, and resulted as before, in a verdict for the plaintiffs. New trial being refused, claimant appealed, and the case was decided at the term of 1873, this court reversing and remanding.   Trial was had in lower court again, December 13, 1873, which resulted as the other two trials, in a verdict for the plaint-

iffs, from which this appeal was taken by claimant. This court reversed the case before (see 28 Texas, 225) mainly on the ground that the former charge misled the jury in stating that it was incumbent on the claimant, under the special circumstances of this case, to show from the partnership account that Sullivan had no interest in the concern.

The appellant, on the trial of the cause in the lower court, after reversal, offered to introduce in evidence, the mandate and opinion of the Supreme Court as made and given on the former hearing, to which the appellants objected, and their objection was sustained by the court below; to this the appellants excepted, and this is one of the errors assigned before this court. The appellants offered to prove that the facts proven by the appellees on this trial were the identical facts established by the same evidence embraced in the record of said cause when last before the Supreme Court, as the whole evidence of defendants, and the court refused to allow the proof to be made; this was excepted to, and is also assigned as error.

The appellants asked the court to charge the jury that there was no proof before them upon which they could find for the appellees; this charge was refused, and such refusal was excepted to, and this also is assigned as error.

*M. C. McLemore*, for appellant.

*Mann & Baker*, for appellee.

REEVES, J. We are of opinion that the court did not err in excluding from the jury the evidence offered by appellant, and stated in his bills of exceptions, nor was there any error in refusing to give the charge asked by appellant.

1. Appellant offered to introduce in evidence the mandate and opinion of the Supreme Court in this case, on appeal from a former trial.

2. That the facts in evidence on this trial were the same as on the former trial.

3. The evidence offered by appellant to explain the deposition of Oscar Sullivan.

4. Appellant asked the court to charge, that there was no evidence before the jury showing that Sullivan had any interest in the property levied on, subject to the levy of plaintiff's attachment, and that the jury should find a verdict for the claimant.

Appellant contends that the mandate and opinion of the Supreme Court concluded the rights of the parties, so far as the court had undertaken to determine their rights. He insists that it was the duty of the court to give the charge as asked, because the Supreme Court had decided that the evidence was not sufficient to sustain the verdict of the jury on the former trial.

It appears from the case, as it is reported in 38 Texas, that the error in the charge of the court was the ground relied on in the motion for a new trial.

It is true, as appellant insists, the court in substance said that the finding of the jury was against the evidence, and that it could only be accounted for on the supposition that the jury was misled by the charge, and that it was error in the District Court to overrule the motion for a new trial.

It is apparent that there was no final adjudication of the rights of the parties, and was not so intended. The Supreme Court could not have made its action final. The statute provides, that when the judgment or decree of the court below in civil cases shall be reversed, the Supreme Court shall proceed to render such judgment or decree as the court below should have rendered or pronounced, except when it is necessary to ascertain some matter of fact, or to assess the damages, or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a more definite decision. (1 Paschal's Digest, Art. 1562.) The parties were at issue on matters of fact, and the judgment being reversed, the court could not do otherwise than remand the cause for another trial by the jury, as necessary to ascertain the facts, and for a definite decision under proper charges from the court.

The charge asked by appellant on the trial, after the cause was remanded, was not such a charge as the court was authorized to give. The statute provides, that the judge shall not in any case, civil or criminal, charge or comment on the weight of evidence. He shall so frame his charge as to submit questions of fact solely to the decision of the jury, deciding on and instructing them as to the law arising on the facts, distinctly separating questions of law from questions of fact. (1 Paschal's Digest, Article 1464.)

The discussion of the evidence, in the opinion of the Supreme Court, and the reasons given for the judgment, were not questions for the consideration of the jury on the subsequent trial. A decision, says Kent, on a point of law, in any given case, must be followed so long as it stands unreversed, unless it can be shown that the law was misunderstood or misapplied in that case. "The expression of every judge must " also be taken with reference to the case on which he decides ; " we must look to the principle of the decision, and not to the · " manner in which the case is argued upon the bench, other- " wise the law will be thrown into extreme confusion." (Kent's Comm., vol. 1, p. 478.) The force of the judgment, as Cooley remarks, does not depend upon the reasons given therefor, or upon the circumstances that any were or were not given. (Cooley's Constitutional Lim., 49.)

In the case of Cohen v. The State of Virginia, 6 Wht. Rep., 399, Chief-Justice Marshall said : " It is a maxim not to " be disregarded, that general expressions in every opinion " are to be taken in connection with the case in which those " expressions are used. If they go beyond the case, they may " be respected, but ought· not to control the judgment in a " subsequent suit, when the very point is presented for decis- " ion."

The case at bar was not a subsequent suit, but a subsequent trial of the same suit. The principles and maxims applied to the former are applicable to the latter, in so far as relates to the force of the judgment and the reasons given therefor. The

Supreme Court decided certain points of law in regard to the rights of partners over their common property, and in what cases an attachment will lie against their property for the separate debt of one of them, and as to the burden of proof in such cases. On these points the force of the judgment depended. They were questions of law for the District Court, to be applied by the jury to the facts in proof under the charge of the court, subject to the action of the court on motion for a new trial, and not otherwise.

The issues of fact were questions for the jury, to be decided from the evidence introduced on that trial, and not from evidence which may have been before another jury on a former trial. The finding of the jury, as just remarked, is under the control of the court, as in other cases.

We are of opinion that the court did not err in excluding from the jury the mandate and opinion of the Supreme Court as evidence in the case, nor for refusing to give the charge asked by appellant.

The evidence offered by appellant to explain the testimony of the witness Sullivan was clearly inadmissible for the purpose for which it was proposed to be introduced. Sullivan's testimony had been taken by deposition and read in evidence on the trial, with such explanations as he gave in answer to questions asked him by both parties; and if such evidence as that proposed to be shown by another witness was competent to explain what he had said, he should have been asked to give the explanation when his deposition was taken, to afford the opportunity to the other party for cross-examination. Sullivan's statement to the witness appears to have been made after the dissolution of his partnership with Green, and after appellee's lien was fixed by the levy of their attachment, and when they were not present. After the levy of the attachment a lien was thereby created, and no private settlement made by the partners thereafter showing a balance due from one of them to the other, was admissible in evidence to the prejudice of appellees, who do not appear to have been present or to

have known of the settlement. This evidence was properly excluded by the court.

It is further objected, that the verdict of the jury is contrary to the law, as declared by the Supreme Court, and is without evidence.

It was a material inquiry on the trial, to show when the attachment was levied, whether before or after the dissolution of the partnership. The attachment was levied on the 11th May, 1867. The witness Smith says the dissolution took place about the time the attachment was levied, but before the levy, Green had left Galveston for San Antonio, for the purpose of settling with Sullivan, who had charge of the business at that place. But the date of his departure from Galveston is not given. The witness says, that Green, with quick dispatch, might have reached San Antonio on the 11th May, the date of the attachment levy. Whatever doubt the evidence of Smith, and that of Sullivan in one of his depositions, may have suggested as to the date of the dissolution of the partnership, that doubt is dispelled by Sullivan in his last deposition, in which he says that the partnership was dissolved on the 13th day of May, two days after the levy of the attachment. In confirmation of his statement, he attaches to his deposition a copy of the written release, signed by Green at San Antonio on the 13th May, where Sullivan and Green then were.

Another question on the trial was, whether Green was indebted to Sullivan on the settlement of their partnership accounts, or whether the firm was indebted to other parties beyond and in excess of the partnership property.

The witness Smith proved that Sullivan was largely indebted to Green, and that the extent of it was greater than Sullivan's share in the business and its profits. Sullivan testified, that he was slightly behind with Green on settlement. In his last deposition he states the terms of the dissolution of the partnership, and says, that Green assumed the payment of the firm debts, and that he retained all the assets of the partnership, except so much as was due the firm from the de-

tachment of the 35th United States Infantry then at San An-
tonio, and that Green, according to the recollection of the
witness, assumed the payment of a debt to Wallis, Landes &
Co. from Sullivan.

The apparent conflict in the testimony of the witnesses, if it
cannot be fully reconciled, admits of some explanation. Smith
had the charge of the business at Galveston, and Sullivan was
at San Antonio, and had control of the house at that place.
It was the duty of the branch establishments to report to the
house at Galveston. Sullivan made no report, and Smith
could know nothing of the condition of the business in his
charge. Smith must, therefore, have stated the account be-
tween the parties, without reference to the business at San
Antonio. Be that as it may, the evidence of Sullivan that he
retained the debts due to the firm from the 35th Regiment,
and that Green assumed the payment of a debt due to
Wallis, Landes & Co. on settlement of the partnership ac-
count of Sullivan and Green, is inconsistent with the theory
of appellant, that Sullivan was indebted to Green at the time
of their settlement or the levy of the attachment. The amount
of the debts due to the firm from the regiment is not shown.
The amount and value of the stock and assets on hand at the
time of the levy at San Antonio, Indianola, and Brenham, was
not inquired into, and no statement was made by the witnesses
in regard to the business at these branch establishments.

As the case is presented, we cannot say that the verdict of
the jury is without evidence to support it.

The statutory remedy for the trial of the right of property
is not adapted to the settlement of partnership accounts. The
claimant should have proceeded by petition and injunction,
calling for an account of the partnership business, in which he
should be required to aver in his petition, and prove on the
trial, that Sullivan was indebted to the firm in excess of his
capital and share in the profits, or that the goods were liable
to the claims of partnership creditors.

The claimant should have proceeded as in the cases of

Rogers *v.* Nichols, 20 Texas, 719, and Thompson *v.* Tinnin, 25 Texas, Supp. 56.

He has pursued the statutory mode of trial, with three verdicts adversely to his claim, and the litigation ought to cease.

In the entry of the judgment it should have been stated that the claimant had failed to establish his right to the property, omitting the recital in the judgment that appellees should recover one half of the property levied on, and leaving them to their remedy on the bond, as provided by the statute in case of forfeiture. The judgment should also have directed that the ten per cent. damages as against Green's estate, should be paid in due course of administration, and that execution issue against the securities on the bond only.

It is ordered that the judgment be reversed and reformed, and here rendered accordingly.

Reversed and reformed.