## JOHN DEMPSEY *v.* THE STATE.

1. PRIVILEGE OF COUNSEL.—In the trial of a felony case counsel for the accused, in his argument to the jury, proposed to read the statement of facts made up on a former appeal of the same cause, and the decision thereon of the Supreme Court holding the evidence insufficient—the purpose of counsel being to deduce therefrom the insufficiency of the evidence adduced on the present trial. *Held,* that the court below did not err in disallowing such use of the former statement of facts and decision.

2. Same. — The privilege of counsel in addressing the court or jury ought not to be denied or improperly abridged; but the extent to which counsel may read books to the jury is a matter confided to the discretion of the court trying the cause, and the exercise of that discretion will not be revised on appeal except in a clear case of its abuse.

Appeal from the District Court of Wood. Tried below before the Hon. M. H. Bonner.

The indictment was for theft of a mare worth $100. The jury found the appellant guilty, and awarded him five years in the penitentiary.

No brief for the appellant.

*S. S. Johnson,* for the State.

Winkler, J. The only subject requiring investigation arises upon the following bill of exceptions set out in the transcript:

" Be it remembered that on the trial of the above-stated cause, after the evidence had closed and the county attorney had made the opening speech, the counsel for the defendant, in addressing the jury, desired to read to the jury the statement of facts made out by the judge presiding on a former appeal in this cause, and also the decision of the Supreme Court rendered therein, for the purpose of showing that under said statement of facts and said decision, as compared with the facts in evidence on the present trial, the jury should acquit for want of sufficient evidence; whereupon the court refused to permit counsel to read said statement of facts and said decision."

To this bill of exceptions the judge appends several reasons for his ruling, one of which is: " Because, in the opinion of the court, it is the proper practice that the law should be read to the court, and not to the jury;" and another ground for the ruling is stated thus: " Because the jury are in effect sworn to decide the guilt or innocence of the de-

fendant according to the law as given them in charge by the court, and the evidence as detailed by the witnesses in the particular case then on trial, and to permit counsel to read to the jury selected cases from law-books, or even from a former decision of the same case then on trial, would tend to divert their minds from the true issues before them, and which they were sworn to decide; the court having the power, in a proper case, to grant a new trial, when it is believed that the evidence is insufficient to sustain the verdict."

In determining the question here presented, the inquiry naturally arises in the mind, What purpose was intended to be effected, what interest to be subserved, by the request of counsel? What bearing was it supposed the reading to the jury, in argument (not as evidence), the statement of facts as made up on a former trial, and the decision upon them, might have upon the trial then progressing?

We are not left in doubt on the subject. The bill of exceptions informs us that the request was made "for the purpose of showing that under said statement of facts and said decision, as compared with the facts in evidence on the present trial, the jury should acquit for want of sufficient evidence."

To our minds, the result of admitting the reading of the documents the counsel desired to read would not only have enabled the counsel to at least comment upon and compare the evidence given on a former trial with that on the trial then on hand, but, by thus intermingling the two in the minds of the jury, have most likely produced erroneous impressions likely to have a damaging effect on the result of the trial, if in no other way than by indirectly impeaching the witnesses by pointing out any real or supposed discrepancies between the statements of the witnesses on the two examinations, instead of pursuing the direct means allowed by law for that purpose. We do not wish to be understood as

intimating that such was intended in the present case, but that to sanction such a practice would open the door to the results intimated.

If the statement of facts made up on a former trial had been offered in evidence on a subsequent trial, it would have been inadmissible, under any circumstances, except for the purpose of impeaching a witness, or in case of the death of a witness after the former, and before the subsequent, trial. We are of opinion that the presiding judge was not guilty of any abuse of the discretion given him in such matters, and that there was no error in the ruling complained of.

In *Warren* v. *Wallis, Landes & Co.*, 42 Texas, 472, a question arose somewhat similar to the one now under consideration, the material difference between the two being that in that case the mandate and opinion of the Supreme Court, on a former trial on appeal of the same case, were offered in evidence at a subsequent trial, whilst in this case the statement of facts and the decision of the Supreme Court on a former trial were offered to be read in argument before the jury. In that case Mr. Justice Reeves, delivering the opinion of the court, says : " The discussion of the evidence in the opinion of the Supreme Court, and the reasons given for the judgment, were not questions for the consideration of the jury on a subsequent trial." And again : " The issues of fact were questions for the jury, to be decided from the evidence introduced on that trial, and not from evidence which may have been before another jury on a former trial."

On the general questions embraced in the bill of exceptions under consideration, as to the propriety of permitting counsel, in argument of a cause, to read from books, the authorities are to the effect that the whole subject is within the sound discretion of the court, and not subject to revision on appeal except in a clear case of abuse of such discretion.

In the case of *Wade* v. *De Witt*, 20 Texas, 398, a ques-

tion arose quite similar to the one here being considered.
The Supreme Court was then composed of Judges Hemp-
hill, Wheeler, and Roberts, the first-named being at the
time, and both the others subsequently, at different periods,
the chief justice of the court.   Mr. Justice Wheeler, deliv-
ering the opinion of the court, says:   "It is insisted for
the appellant that the court erred in refusing to permit his
counsel to read and comment to the jury upon a medical
work, as shown by bill of exceptions;" and then he quotes,
approvingly, from *Legg* v. *Drake*, 1 McCook (Ohio),
286, where a similar question arose, and the court said:
"While the right of a party to be heard by his counsel on
the trial of his cause is not to be questioned, and is often of
great service in the investigation of both law and fact, yet,
inasmuch as this privilege may be liable to abuse, to the
great hindrance and annoyance of courts in the progress of
business, the extent and manner of its exercise must in some
measure rest in the sound discretion of the court.   Although
unlimited range and extent is not allowed to counsel in their
addresses to the court and jury, yet no pertinent and legiti-
mate process of argumentation, within the appropriate time
allowed, should be restricted or prohibited.   And it is not
to be denied but that a pertinent quotation or extract from
a work on science or art, as well as from a classical, histor-
ical, or other publication, may, by way of argument or
illustration, be, not only admissible, but sometimes highly
proper, and it would seem to make no difference whether it
was repeated by counsel from recollection, or read from a
book.   It would be an abuse of this privilege, however, to
make it the pretense of getting improper matter before the
jury as evidence in the cause.   *   *   *   The privilege of
counsel, in their addresses to the jury, to read from legal
authorities, or from works of general science, extracts per-
tinent to the case, in support of their argument, ought not to
        VOL. III — 28

be abridged.  It is a valuable privilege ; for, as has been well said, an able and diligent advocate could scarcely sum up a case of any magnitude without repeating, either from memory or from books, the principles of law bearing on the controversy, as laid down by the best authors.  And, when authorities are to be cited, it is better, in order to avoid mistakes, that they should be produced in court, to speak for themselves, than that the doctrine inculcated by them should be taken from the mouth of counsel" (citing 2 Gra. & Wat. on New Tr. 685).

The opinion proceeds as follows : " Yet this privilege is so susceptible of abuse that the extent and manner of its exercise must be intrusted in a great measure to the sound discretion of the court.  It is more reasonable to suppose the court will not abridge it improperly than that the advocate, actuated by a strong desire for success and triumph over his adversary, will not abuse it.  It is better for the administration of justice and the protection of the rights of parties that the exercise of this privilege should be regulated by judicial discretion, than that it be left to the unlimited discretion of counsel governed by the powerful motives of interest and ambition.  And I apprehend it would require a clear case of the abuse of judicial discretion, to the injury of the party, to authorize the reversal of the judgment for such a cause.  It ought clearly to appear that the rights of the party were denied, or improperly abridged, by the court, to make a matter of this kind a ground for reversal."

In criminal trials especially, however, whilst the juries are the exclusive judges of the evidence and the weight and credibility of the witnesses, yet they are bound to receive the law from the court, and be governed thereby.  This law is found in the charge of the court alone, not elsewhere.

We find no error in the judgment.  The law of the case

was given to the jury in a clear, fair, and forcible manner, in which every right of the accused was carefully guarded, and in as favorable a manner as the testimony warranted.

The evidence was sufficient to support the verdict. The District Court before which the case was tried, we think, properly refused to grant a new trial.

The judgment of the District Court rendered in this case is affirmed.

*Affirmed.*