JAMES O'CONNELL *alias* THOMAS WILLIAMS *v.* THE STATE.

1. EVIDENCE.— When a prisoner, having been examined as a witness in a prosecution against another person, has answered questions to which he might have demurred as tending to criminate himself, his answers are deemed voluntary, and as such may be subsequently used against him for all purposes.

2. SAME — EXAMINING TRIAL.— Testimony taken on an examining trial before a magistrate is required by the Code to be reduced to writing, signed by the witness and certified by the officer. And where this is required the law presumes that the magistrate performed his duty; and if he did, parol evidence of what the witness said cannot be received.

3. SAME.— But if it be shown that the evidence was not reduced to writing, or if the written examination, by reason of irregularity, is wholly inadmissible, parol evidence of what was disclosed is admissible. If uncertain whether or not it was reduced to writing, the presumption that the officer discharged his whole duty obtains, and parol evidence will be rejected.

4. CONFESSIONS.— No statement made by a party while in jail or legal custody is competent evidence against him, even as a mere link in a chain of evidence, unless it was voluntarily made before an examining court, or was voluntarily made after caution that it might be used against him, or unless, in connection therewith, he made statement of facts and circumstances found to be true, and which tend to establish his guilt. And it is immaterial that the offense for which he is in custody when he made the statement was a different offense than that on the trial for which it is offered in evidence.

5. SAME. — Only such parts of the voluntary confession of an uncautioned prisoner as relate to verified disclosures are admissible against him. Other facts, though part of the same confession, are not. See the opinion for an application of these rules to this case.

APPEAL from the District Court of Navarro. Tried below before the Hon. L. D. BRADLEY.

The indictment charged the appellant with the theft, on the 10th day of December, 1879, of a gelding, the property of John Smith.  His trial, in February, 1881, resulted in a verdict of guilty, with five years in the penitentiary assessed against him as punishment.

So much of the evidence as is essential to an understanding of the case, and upon which the judgment is reversed, is quoted from the testimony of the prosecuting witness, John Smith:

"I was present at an examining trial of Charles Hide before a magistrate in Houston county, for the theft of my horse.  The defendant was placed on the stand, and was, I think, in custody at the time as an attached witness in that case.  I heard the justice read parts of a written instrument, purporting to be an affidavit made by the defendant some time in the month of February, 1880.  I heard the justice ask the defendant if he, the defendant, did not state to the said justice that he, the defendant, and the said Hide then on trial, went together along the road near Maj. Smith's (witness') stable at night, and that said Hide went into the said stable and took the witness' horse, and that he, the defendant, by the direction of the said Hide, turned loose the horse which he, the defendant, was riding, and which belonged to a negro living about four or five miles from witness' house, and that the said Hide then put him, the defendant, on witness' horse and sent him to Corsicana on business?  The defendant admitted that he had made such statements, but denied that they were true."

*Simkins & Simkins,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

White, P. J.  As a rule of evidence it is settled that "where the prisoner, having been examined as a witness in a prosecution against another person, answered ques-

tions to which he might have demurred as tending to criminate himself, and which therefore he was not bound to answer, his answers are deemed voluntary, and as such may be subsequently used against himself for all purposes." 1 Greenl. Ev. (Redfield's ed.) sec. 225; *Alston* v. *State*, 41 Texas, 39.

Our statute requires, however, that on an examining trial had before a magistrate the testimony shall be reduced to writing, and be signed by the witness and certified by the officer taking the same. Code Crim. Proc. art. 267. Where this is required the law conclusively presumes that the magistrate performed all his duty, and in such case no parol evidence of what the witness said on that occasion can be received. But if it is shown that the examination was not reduced to writing, or, if the written examination is wholly inadmissible by reason of irregularity, parol evidence is permissible to prove what was disclosed. If it remains uncertain whether it was reduced to writing or not by the magistrate, it will be presumed that he did his duty, and oral evidence will be rejected. 1 Greenl. Ev. sec. 227; Whart. Crim. Evid. (8th ed.) sec. 667; *Guy* v. *State*, 9 Texas Ct. App. 161; *Dunlap* v. *State*, 9 Texas Ct. App. 179.

Under these rules the objection made by defendant to the testimony of the witness Smith as to statements made by defendant on the examining trial of Hide, and which were reduced to writing, should have been sustained; the written testimony taken by the magistrate being the best if not the only admissible evidence.

But it is said that the written testimony would have been itself inadmissible because at the time defendant was a witness in the case of Hide, and made the statements criminating himself, he defendant, was under arrest. It is not very clear from the record whether at the time the statements were made defendant was under arrest for the offense now charged against him, and with which

Hide also was charged, or for another and different crime. In either event, the rule seems now established that, "No statement made by a party while in jail or legal custody is competent evidence against him, even as a mere link in a chain of evidence, unless it was voluntarily made before an examining court, or was voluntarily made after caution that it might be used against him, or unless in connection therewith he made statements of facts and circumstances found to be true, and which tend to establish his guilt. And it is immaterial that the offense for which he was in custody when he made the statement was a different offense than that on the trial for which it is offered in evidence. *Taylor* v. *State*, 3 Texas Ct. App. 387; *Parchman* v. *State*, 2 Texas Ct. App. 229; Code Crim. Proc. art. 750.

The objection to the written testimony, and in fact to the whole admissions or confession of defendant, is further met by the state with the claim that, though made whilst defendant was under arrest, still they are admissible because in connection therewith he made a statement of facts and circumstances found to be true which tended to establish his guilt. It will be found, however, that the rule thus invoked will not admit the entire confession, but is limited solely and strictly to the facts and circumstances found to be true. To go beyond and admit the entire confession would be contrary to the settled construction of our statutes regulating confessions. *Davis* v. *State*, 8 Texas Ct. App. 510; *Walker* v. *State*, 9 Texas Ct. App. 38, and authorities cited.

It follows from the foregoing that, if the testimony of the accused given on another trial was voluntary and given when he was not under arrest, it would be *prima facie* competent evidence against him. But if the evidence was taken before an examining court that then the written testimony was alone admissible. If the party was under arrest and duly cautioned, then the written

evidence would also be admissible; but if he was not cautioned his inculpatory disclosures voluntarily made would be admissible against him if the disclosures were found to be true, while at the same time this would not let in other statements or declarations, if any such there were, not directly connected with or explaining the information he gave.   We throw out these suggestions with a view to another trial and because we are not sufficiently apprised as to the nature, character and extent of the confessions as they will or may be disclosed by the written testimony, so as to determine how far under the above rules they would be competent.

Because the court erred in permitting parol evidence of the testimony as taken and written down on the examining trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*