No. 2404.

## Martin Guest v. The State.

1. **Theft—Indictment—Verdict.**—Though under an indictment charging theft of cattle in the usual form, a conviction may be had either for the theft defined in article 749 of the Penal Code or for the misdemeanor of driving cattle from their accustomed range as defined in article 767 of the Penal Code, the verdict, to be sufficient, must show with reasonable certainty of which offense, the felony or the misdemeanor, the accused was found guilty.

2. **Same—New Trial.**—When the indictment charges an offense which includes other offenses, and all the offenses covered by the indictment are submitted to the jury by the charge of the court, a general verdict of guilty, assessing a penalty applicable to either of the offenses, is uncertain, and will not support a judgment. The rule is that "when a verdict is so defective and uncertain that the court can not know for what offense to pass judgment, it should be set aside." The indictment in this case charged the accused with the felony of cattle theft, and also with the misdemeanor of driving cattle from their accustomed range. The verdict found the defendant "guilty as charged in the indictment," and assessed the penalty applicable as well to the misdemeanor as to the theft defined in the said article 749 of the Penal Code, and the court adjudged the conviction to be for the felony. *Held,* that the verdict was illegal in failing to designate the offense of which the jury found the accused guilty, and does not authorize the judgment. The verdict should not have been received, but, having been received, the trial court should have awarded a new trial.

3. **Same—Evidence—Charge of the Court—Voluntary Return of Stolen Property.**—When, as in this case, the evidence on a trial for theft tends to show a voluntary return of the stolen property by the accused to the owner, within a reasonable time, and before prosecution has been instituted, it devolves upon the trial court to charge the jury upon the law applicable to such defense. See the statement of the case in Guest v. The State, ante, page 235, for evidence *held* to raise the issue of a voluntary return of the alleged stolen property, within the statutory meaning of that defense.

4. SAME—POSSESSION OF RECENTLY STOLEN PROPERTY.—See the statement of the case in Guest v. The State, ante, page 235, for a state of proof under which the trial court should have instructed the jury with reference to the law applicable to a defendant's explanation of his possession of stolen property, made when his possession was first challenged. In refusing the special charge upon the subject requested by the accused, the trial court erred.

5. SAME—PRACTICE.—The refusal of the trial court to permit counsel to read, in his argument to the jury, the opinion of this court, delivered upon the hearing of the former appeal in this case, was not error.

6. THEFT—EVIDENCE—INTENT—FACT CASE.—See the statement of the case in Guest v. The State, ante, page 235, for evidence *held* insufficient to support a conviction for cattle theft, inasmuch as it does not establish the fraudulent intent.

APPEAL from the District Court of Red River. Tried below before the Hon. D. H. Scott.

The conviction in this case was had under an indictment which charged the appellant with the theft of four head of cattle, the property of J. R. Johnson, in Red river county, Texas, on the fifteenth day of April, 1887. The penalty assessed against the appellant was a fine of two hundred and twenty-five dollars. The opinion of the court discloses the proceedings under which this result was reached.

The transaction involved in this prosecution is the same for which, in a previous trial, the appellant was convicted for theft, and the conviction in this case was obtained upon substantially the same evidence. A full statement of the facts will be found in the report of the former case, which appears in the present volume, beginning on page 235.

The motion for new trial raised the question discussed in the opinion.

*Sims & Wright,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. I. Conceding that, under an indictment charging theft in the usual form, a defendant may be convicted of the theft defined by article 749 of the Penal Code, or of the misdemeanor defined by article 767 of the Penal Code, and that the court did not err in so instructing the jury, still we must hold that the verdict should with reasonable certainty show of

which offense—the felony, or the misdemeanor—the defendant was found guilty. In this case the verdict reads: "We, the jury, find the defendant guilty as charged in the bill of indictment, and assess his punishment at a fine of two hundred and twenty-five dollars." The punishment assessed is applicable to the felony defined by article 749, and also to the misdemeanor defined by article 767. We can not, therefore, determine from the punishment assessed whether the defendant was found guilty of the felony or of the misdemeanor.

The trial court upon this verdict adjudged the defendant guilty of the felony—that is, of the theft of cattle—but we are unable to perceive from the record the authority for so adjudging. The verdict finds him guilty as "charged in the bill of indictment." He is charged in the bill of indictment not only with the theft of the cattle, but with the misdemeanor of willfully driving the cattle from their accustomed range without the consent of the owner. Both these offenses were, by the charge of the court, submitted to the jury. It is impossible to determine from the record to which of said offenses the verdict was intended to apply. If the verdict had found the defendant guilty of *theft* as charged in the indictment, it would have been sufficient, although the punishment assessed was a fine, as such punishment is authorized by the theft defined by article 767. (Foster v. The State, 21 Texas Ct. App., 80.)

But when the indictment, as in this case, charges an offense which includes other offenses, and all the offenses covered by the indictment are submitted to the jury by the charge of the court, a general verdict of guilty, assessing a penalty applicable to either one of two offenses, is uncertain and will not support a judgment. "When a verdict is so defective and uncertain that the court can not know for what offense to pass judgment, it should be set aside." (Slaughter v. State, 24 Texas, 410; Alston v. State, 41 Texas, 39; Senterfit v. State, Id., 186; Buster v. State, 42 Texas, 315.) We can find no precedent which holds such a verdict as the one rendered in this case to be sufficient to authorize a judgment.

It is a matter of vital importance to the defendant whether the jury found him guilty of a felony or a misdemeanor. If he has been convicted of a felony, he is thereby deprived of important civil rights, which deprivation would not result from a conviction for a misdemeanor. It was for the jury, and not for the court, to declare whether he was guilty of a felony or a mis-

demeanor.  The jury failed to specify his crime, or even to inti-
mate that it was a felony, and yet the court has adjudged him
guilty of felony.  We are clearly of the opinion that the verdict
does not authorize the judgment rendered and entered, or any
other judgment against the defendant.  The verdict should not
have been received by the court, but having been received, it
should have been set aside, and a new trial should have been
granted the defendant.

We are of the opinion that the evidence as presented to us on
this appeal fairly presents the issue of a voluntary return of the
alleged stolen cattle by the defendant into the actual possession
of the owner within a reasonable time, and before any prosecu-
tion had been commenced against defendant for taking of said
cattle.  We think this issue should have been submitted to the
jury under instructions from the court applicable to the facts in
evidence.  While the special charge upon this issue, which was
requested by defendant's counsel, was not as full and definite as
it should have been, it was correct in the abstract, and sufficient
to call the court's attention to the issue, and to the law govern-
ing such issue.  (Penal Code, art. 738; Bird v. The State, 16
Texas Ct. App., 528; Dupree v. the State, 17 Texas Ct. App., 591;
Allen v. The State, 12 Texas Ct. App., 190; Shultz v. The State,
20 Texas Ct. App., 315.)  The cattle returned to the owner were
the identical cattle taken from him by the defendant, and there
is nothing in the evidence to show that they had undergone any
substantial change.  (Horseman v. The State, 43 Texas, 353;
Grant v. The State, 2 Texas Ct. App., 164.)

We are further of opinion that the court erred in refusing to
instruct the jury in regard to defendant's explanation of his pos-
session of the cattle, made when the owner of the cattle de-
manded them of him.  We can not agree with the learned trial
judge that the right of the defendant to the possession of the
cattle was not challenged or called in question, so as to require
of him an explanation of his possession of them.  He had pos-
session of the cattle; the owner of the cattle demanded them of
him.  It was not only the right of the defendant, but it was ab-
solutely demanded of him by the circumstances, in order to
exculpate himself from the presumption of guilt of the theft of
the cattle, arising from his possession of them, to explain that
possession, and remove such presumption if he could do so.  He
did explain his possession of the cattle, and his explanation,
viewed in connection with the other evidence in the case, is, to

our minds, not unreasonable or improbable, and its falsity was certainly not proved by the State. (Willson's Texas Crim. Laws, section 1300.)

In other respects than those above noticed, we find no error in the charge of the court, or in the refusal of requested charges. We do not agree with counsel for defendant that the eighth paragraph of the court's charge is in conflict with the opinion of this court rendered on the former appeal of this case, or that said paragraph is erroneous. We think it correctly states the law.

In view of article 783 of the Code of Criminal Procedure, and of decisions independent of that provision, we do not think that the trial court erred in refusing to allow counsel for the defendant to read to the court and jury, and comment thereon, the opinion of this court rendered on a former appeal of this cause. We do not think, either, that the defendant could have been prejudiced by this ruling of the trial court. (Dempsey v. The State, 3 Texas Ct. App., 429; Warren v. Wallace, 42 Texas, 472; 9 Crim. Law Mag., p. 638, sec. 15.)

With regard to the sufficiency of the evidence to support the conviction, we must say that, after a very careful consideration of the facts as presented to us, we could not permit the conviction to stand, even were there no reversible error disclosed in the record. It might, perhaps, be held by us that the evidence is sufficient to warrant a conviction of the misdemeanor defined in article 767 of the Penal Code, because, to constitute that offense a *fraudulent intent* accompanying the act is not essential. But a fraudulent intent is an essential element in *theft*, and to our minds, in this case, the evidence not only fails to prove such intent, but shows that it did not exist in the mind of the defendant at any time with respect to the cattle involved. We think the trial court erred in refusing to grant the defendant a new trial upon the ground of the insufficiency of the evidence to support the verdict, construing the verdict as one convicting the defendant of theft.

Because of the several errors we have mentioned, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered January 21, 1888.