### J. B. McCLOUD v. The STATE.

*No. 1269. Decided February 24th, 1897.*

**Murder in the First Degree—Verdict.**

Penal Code, Art. 712, provides, that "if the jury shall find any person guilty of murder, they shall also find by their verdict, whether it is of the first or second degree." Where the verdict on a trial for murder was, "We the jury find the defendant guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for life." Held: The verdict was wholly insufficient. Following, Buster v. State, 42 Texas, 315.

APPEAL from the District Court of Baylor. Tried below before Hon. W. R. McGILL.

Appeal from a conviction for murder in the first degree; penalty, imprisonment in the penitentiary for life.

The indictment charged appellant with the murder of Jeff Varner, in the County of Motley, on the 10th day of May, 1891, by shooting him with a Winchester rifle. The venue of the case was changed to Baylor County.

No further statement necessary.

*Byron Johnson,* for appellant, as to the insufficiency of the verdict, cited, Isbell v. State, 31 Texas, 138; Buster v. State, 42 Texas, 315; Colbath v. State, 2 Tex. Crim. App., 391; Brown v. State, 3 Tex. Crim. App., 294; Krebs v. State, 3 Tex. Crim. App, 348; Nettles v. State, 5 Tex. Crim. App., 386; Dubose v. State, 13 Tex. Crim. App., 418; Wooldridge v. State, 13 Tex. Crim. App., 443; Sanders v. State, 18 Tex. Crim. App., 372; Armstead v. State, 22 Tex. Crim. App., 51.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HURT, PRESIDING JUDGE.—The indictment charged appellant with the murder of Jeff Varner. The jury returned the following verdict; "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for life.

[Signed] B. M. Muser, Foreman." This verdict is absolutely void, because it does not conform to the requirements of the statute, which reads, "If the jury shall find any person guilty of murder, they shall also find by their verdict, whether it is of the first or second degree. * * * " Penal Code, 1895, Art. 712. In the case of Buster v. State, 42 Texas, 315, Buster was charged with murder upon express malice. The verdict of the jury was, "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment, to be hanged by the neck until dead." Judge Moore, in that case, held the verdict fatally defective, because it did not name the degree of murder. That case is in all particulars the same as this, except that in that case the death penalty was assessed, and in this case the punishment was confinement in the penitentiary for life. Judge Moore reasons the question at some length very cogently, and suggests the reasons which prompted the legislature to pass such an act. We can add nothing to what he has said upon this question. This court has invariably followed that opinion. In the language of Judge Moore: "But, whatever may have been the motive for its enactment, thus it is plainly written in the Code; and, until altered or repealed, it is evidently the duty of the court to observe and enforce it." There are several questions presented in the record which cannot be considered, in the absence of a statement of facts. Because the verdict is illegal, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*