WEBBER BURTON, ALIAS STAFFORD MARYLAND, v. THE STATE.

No. 1259. Decided June 21, 1911.

**1.—Theft—Evidence—Statement of Facts.**

In the absence of a statement of facts or bill of exceptions, an objection to the testimony can not be considered.

**2.—Same—Verdict—Certainty.**

Where, upon trial of felony theft, the jury returned a verdict that they found the defendant guilty as charged in the indictment and assessed his punishment at four years confinement in the State penitentiary, the same was sufficiently certain to support the indictment and judgment. Overruling Guest v. State, 24 Texas Crim. App., 530; approving McGee v. State, 39 Texas Crim. Rep., 190.

**3.—Same—Rule Stated.**

It is now the well established rule that verdicts are to have a reasonable intendment and construction, and are not to be avoided unless from necessity originating from doubt of their import or immateriality of the issue found. Following Walker v. State, 13 Texas Crim. App., 618, and other cases.

**4.—Same—Charge of Court—Fraudulent Taking.**

Where the court in his charge properly submitted the fraudulent taking of the alleged property, want of consent of the owner, etc., there was no error in the court's failure to charge that the taking must be stealthy or without the knowledge of the owner.

**5.—Same—Article 723—Charge of Court.**

Where there was no statement of facts, a complaint to the charge of the court as to fraudulent taking was not reversible error under article 723, Code Criminal Procedure, even if not technically correct.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of theft; penalty, four years imprisonment in the penitentiary. °

The opinion states the case.

*Shelley Grover, Wm. S. Anthony, H. B. Leonard,* for appellant.— On question of uncertainty of verdict: Lee v. State, 55 S. W. Rep., 814; Moody v. State, 52 Texas Crim. Rep., 232, and cases cited in the opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

PRENDERGAST, Judge.—The appellant was indicted by the grand jury of Bexar County for theft of property, to wit: One watch of the value of one hundred and thirty-five dollars, and thirty-one dollars and seventy-five cents in money. He was convicted, the following being the verdict: "We, the jury, find the defendant guilty as charged in indictment, and assess his punishment at four years confinement in the State penitentiary."

There is no statement of facts nor bills of exception contained in the record. There is but one ground of the motion for new trial, and that is a complaint that the court erred in admitting the testimony of some witnesses which it seems tended to prove other offenses of the appellant. In the absence of a statement of facts or bill of exceptions this ground can not be considered.

However, the appellant presents what he claims to be a fundamental error as to the verdict of the jury, and has filed an interesting brief which shows considerable research of the decisions and principles claimed to be applicable to the insufficiency of this verdict. He cites, in support of his contention, that this verdict is insufficient. Slaughter v. State, 24 Texas, 410; Buster v. State, 42 Texas, 315, and McCloud v. State, 37 Texas Crim. Rep., 237. Each of these cases were murder cases in which the court submitted the various offenses in some or all of them of murder in the first and second degree, manslaughter, etc., wherein the verdicts in those particular cases were held insufficient because the jury did not designate which grade of the offense they found the defendant guilty of. These cases are not in point, because the statute in such cases expressly requires that the jury shall find by their verdict whether it is murder of the first or second degree. Penal Code, article 712. In all other cases the statute requires that the verdict must be general. Article 750, Code Criminal Procedure.

Appellant also cites Lee v. State, 55 S. W. Rep., 814, and Moody v. State, 52 Texas Crim. Rep., 232. In these cases the charge was aggravated assault. In both aggravated assault and simple assault were submitted in the charge, and the verdict was general, assessing a fine of $25 in each case. This court in those cases held that the verdict was too indefinite to sustain the judgment because the fine assessed

was the lowest for aggravated assault, and the highest for simple assault, and that it was impossible to tell therefrom whether the verdict convicted the appellant of aggravated or simple assault. In these cases it was expressly held that if the issue of aggravated assault alone had been submitted, the verdict would have been sufficient. Hence we regard neither of these cases in point.

It is true that in this case the court submitted both phases of theft: first, theft of property of $50 or over, and second, petty or misdemeanor theft. The indictment itself charged a felony only, as shown above. The verdict of the jury being general and fixing the penalty for the felony, it is not only reasonable to conclude from the verdict that the jury convicted the appellant of a felony, but no other reasonable deduction can be drawn therefrom, and there is no uncertainty in the verdict of the jury. It expressly states that they found defendant guilty "as charged in the indictment."

Appellant again cites us to the case of Guest v. State, 24 Texas Crim. App., 530, which was a case of theft, and probably would have been in point in this case, but this case was expressly overruled in the case of McGee v. State, 39 Texas Crim. Rep., 190, in a well-considered and entirely satisfactory opinion to us on the subject.

It is now the well-established doctrine of this court, and is clearly the law applicable to the construction of verdicts, that they are to have a reasonable intendment and construction, and are not to be avoided, unless from necessity originating from doubt of their import or immateriality of the issue found. Walker v. State, 13 Texas Crim. App., 618; McMillen v. State, 7 Texas Crim. App., 100; Bland v. State, 4 Texas Crim. App., 15; Williams v. State, 5 Texas Crim. App., 226; Partain v. State, 22 Texas Crim. App., 100. And that in construing a verdict the object is to arrive at the meaning of the jury. Chester v. State, 1 Texas Crim. App., 703. Technical and unsubstantial objections to a verdict will not be considered in determining its sufficiency. Reynolds v. State, 17 Texas Crim. App., 413, and cases cited above.

Therefore, both on reason and authority, we hold that the verdict in this case is not uncertain, but clearly finds the defendant guilty of theft of property over the value of fifty dollars. McGee v. State, 39 Texas Crim. Rep., 190; Vincent v. State, 10 Texas Crim. App., 330; Cohea v. State, 11 Texas Crim. App., 153.

A second claimed fundamental error in appellant's brief, which in no way was set up in the court below, is that the court failed to charge the jury upon features essential to the crime of theft, in that the court charged a fraudulent taking consisted of an unlawful taking of property of another, without the consent and with the knowledge on the part of the defendant that the property did not belong to defendant, and that he had no right to the same, and claiming that the court wholly failed to charge that the taking must be stealthy or without the knowledge of the owner or person in possession thereof.

Even if it be conceded that the charge of the court on this subject may not have been technically correct, no complaint whatever having been made of this charge or any other in the court below, it is too late to make it here. Besides, article 723 of the Code of Criminal Procedure prohibits this court from reversing the case unless the error was calculated to injure the rights of the defendant. There being no statement of facts in this case, clearly we can not determine that the error, if error, complained of, was calculated to injure the rights of the defendant, but on the contrary, we think it was not.

The judgment will therefore be in all things affirmed.

*Affirmed.*