### WALTER NOLAND V. STATE.

No. 1164.    Decided October 11, 1911.

**1.—Aggravated Assault—Charge of Court—Verdict.**

Where, upon trial of aggravated assault by information, the jury brought in a verdict finding the defendant guilty as charged, and were instructed by an additional written charge, to state in their verdict whether they found defendant guilty of simple or aggravated assault in case they convicted defendant, there

was no error, as the verdict of the jury was sufficient in the first instance, and, moreover, there was no error in the additional charge and further retirement of the jury. Besides, the court could have corrected the verdict.

**2.—Same—Charge of Court—Semblance of Dangerous Weapon.**

Upon trial of aggravated assault, there was no error under the facts to give in charge Article 592, Penal Code, that the use of any dangerous weapon, etc., to alarm another comes within the meaning of an assault; especially where defendant complained of said charge in the first instance, and then claimed that such charge should have been given, but limited to simple assault; besides, no special charge was requested.

**3.—Charge of Court—Self-Defense.**

Where, upon trial of aggravated assault, the court's charge upon self-defense, when considered as a whole, properly applied the law to the facts and also submitted several requested charges on this phase of the case, there was no error.

**4.—Charge of Court—Requested Charges.**

Upon trial of aggravated assault, where the State's evidence supported the allegations in the information, there was no error in refusing special charges to acquit the defendant, and on the subject of abusive language.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Parker. Tried below before the Hon. F. C. McKinsey.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Hood & Shadle,* for appellant.—Upon question of additional instruction on form of verdict: May v. State, 6 Texas Crim. App., 191; Lee v. State, 41 Texas Crim. Rep., 557.

Upon question of court's charge on self-defense: Taylor v. State, 10 Texas Ct. Rep., 327; White v. State, 29 Texas Crim. App., 530; Vann v. State, 43 Texas Crim. Rep., 244; Smith v. State, 51 Texas Crim. Rep., 645, 104 S. W. Rep., 899.

On question of semblance of dangerous weapon: Pierce v. State, 37 Texas Crim. Rep., 643.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—By complaint and information the appellant was charged with an aggravated assault upon Elbert Wadley with a knife, being a deadly weapon and with said knife did cut the said Wadley. The appellant was tried and convicted of an aggravated assault and his punishment fixed at a fine of $25.

The facts are that the assaulted party, Wadley, was the foreman in running an oil mill at Weatherford in Parker County. The appellant was one of the hands under Wadley. Just before midnight on November 12, 1910, the assaulted party, Wadley, went to the appellant where he was at work stacking meal cakes and asked why he was not

doing his work. He replied that he was doing his work and Wadley told him he was not, that he ought not to go off and let the meal burn. Some further words passed between them at that time. In a few minutes after this Wadley gave the midnight signal for dinner. Certain of the hands, among them Howard, Garner and Jameson, quit work and got their dinner buckets to eat. The witness then went to the former. The appellant walked up to the witness and asked him what it was he had said to him; the witness stated that he had told him he must attend to his work and not let the meal burn. Appellant replied, "I am not going to kiss your a— to have a job;" the witness said to him, "I am not going to kiss your a— to get you to work for me." The witness then started to walk off, the appellant ran around in front of him, grabbed him in the shirt collar or up in the shirt bosom with his left hand and cut him in the neck with his right hand. The appellant cut the witness near the center of the back of the neck, the wound extending to the left ear, making a wound three or four inches long and in addition a slight wound in the breast. The witness bled a great deal. The knife with which the cutting was done was identified and introduced in evidence and it was shown that the handle and blade together were about five inches and a half long. The blade itself about two and a half inches long with a sharp point. The appellant cut at the witness several times. The witness pulled, jerked and tried to get loose from the appellant and could not. He was held by the appellant with his left hand. The witness backed off some eight steps from where he was first grabbed and assaulted, trying to get away from the appellant, and when he was cut he exclaimed, "Please don't kill me, turn me loose. Howard, one of the hands, when he saw what was being done, hurriedly went to the parties and tried to get the appellant to turn the witness loose and tried himself to get him loose but could not. Garner then came up and also tried to get the appellant to turn him loose but he still held the witness with his knife in his right hand. Finally the third party, Jameson, came up and caught appellant's arm, the hand of which was holding the witness and jerked him loose. The appellant then ran from the house.

The appellant's defense was self-defense, he claiming that the prosecuting witness had picked up an iron bar and started to draw it to strike the appellant and he feared that he would be killed by the witness—hence, assaulted him and cut him as he did in self-protection. All of the other witnesses who saw the difficulty testified that the prosecuting witness did not have any iron bar or attempt to draw any, or strike appellant therewith. The appellant testified on the trial and did not state that he did not hold the prosecuting witness by the collar or breast of his shirt and cut and cut at him. The prosecuting witness further testified that the whole of the time while the appellant had him and while he backed off appellant was cutting at him with the knife, though only striking him twice therewith. It is unnecessary

to further detail the testimony. We have gone over it carefully and it clearly justified a much severer punishment.

The appellant, by bill, complains that after the court had given to the jury the main charge of the court and some special charges requested by appellant, they retired and considered their verdict and thereafter returned into court with the verdict. When asked by the court if they had agreed upon a verdict they replied they had and the papers were then passed to the court. On the back of the charge was written this verdict: "We, the jury, find the defendant guilty as charged and assess his punishment at twenty-five dollars." The court then saw that the jury had not stated whether they found the defendant guilty of aggravated or simple assault. Instead of the court then and there inquiring of which charge they found the defendant guilty and changing the verdict himself in accordance therewith, with the jury's consent, he then gave this further written charge to the jury: After giving the number, style, court, etc., and addressing the jury, he said: "You are given the following additional instruction which was omitted from the court's main charge; if you convict the defendant you will state in your verdict whether you find him guilty of simple or aggravated assault," and instructed the jury to retire and consider their verdict and that soon afterwards they returned into open court the following verdict: "We, the jury, find the defendant guilty of aggravated assault and assess his punishment at twent-five dollars ($25)." The verdict was received by the court and the judgment properly entered thereon. At the time the court gave the additional special charge above quoted, "the defendant then and there objected and excepted to the giving of same," without in any way stating what objections he had or in fact stating any objections, except that he objected and excepted.

The verdict was clearly sufficient as first brought in by the jury as it stated they found the defendant guilty "as charged." He was charged simply and solely with an aggravated assault. Burton v. State, 62 Texas Crim. Rep., 648, 138 S. W. 1019; McGee v. State, 39 Texas Crim. Rep., 190; Moody v. State, 52 Texas Crim. Rep., 232.

Besides this, the court itself, without sending the jury back or giving them the additional charge could have ascertained from them at the time, of which offense, aggravated or simple assault, they found the defendant guilty and inserted it in the verdict with the jury's consent. Code Criminal Procedure, art. 753; Taylor v. State, 14 Texas Crim. App., 340; May v. State, 6 Texas Crim. App., 191; Walker v. State, 13 Texas Crim. App., 618; Robinson v. State, 23 Texas Crim. App., 315; Southern v. State, 34 Texas Crim. Rep., 144.

No injury is shown to have occurred and none could have occurred, or did occur, by the court giving the special charge and the jury retiring and bringing in the verdict that they ultimately did which was accepted by the court.

Another bill by the appellant is an objection to the latter part of

subdivision 3 of the court's main charge, to wit: "But the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault." The appellant's objection to this is that it was not called for by any evidence in said cause and was upon an issue not in the case.

The court in the general charge quoted the whole of article 592 of the Penal Code in which the language complained of by the appellant in this bill is contained. No special charge was asked by the appellant to correct this. The court in submitting the case to the jury for its finding does not submit this feature to the jury for any finding. The evidence might even have justified a charge on that subject, because it tended to show that while the appellant held the prosecuting witness with his left hand and the witness was backing off from him, he was waving and cutting at him with a knife all this time, although he actually cut him only twice. Again, by appellant's fifth ground of the motion for new trial he complains that the court erred in not charging the jury in this subdivision of his main charge that the use of any dangerous weapon or the semblance thereof in an angry or threatening manner with intent to alarm another and under circumstances calculated to effect that object, comes within the meaning of an assault but does not amount to anything higher than a simple assault. However, he asked no charge on this feature of the case. It seems, therefore, that the appellant complains of the charge because it is given and then claims that it ought to have given but limited to simple assault only. As the matter is presented it does not show any reversible error that would justify this court in reversing the judgment in this case. Articles 719 and 723, Code Criminal Procedure.

By another bill appellant complains of this part of the court's main charge: "Or, if said witness took up a piece of iron rod or pipe and it reasonably appeared to the defendant from the acts or words of said witness Wadley that Wadley intended and was about to attack him and to inflict death or serious bodily injury upon him whereby the defendant was put in reasonable fear or apprehension of death or of serious bodily harm, then and in such case the defendant would have had the right in the defense of his person to take hold of and cut the said witness with a knife," for the following reasons: The above clause in said charge, "whereby the defendant was put in reasonable fear or apprehension of death or serious bodily harm" is an undue limitation on defendant's right of self-defense, is not the law and when taken in connection with the rest in that paragraph places a more onerous burden on the defendant than the law requires; and by said bill the defendant further complains of the following part of the court's main charge, to wit: "The defendant would have the right to take hold of and cut said witness with a knife," because it is an

undue limitation of his right of self-defense, is more onerous than the law requires and is not the law in this State; defendant would have the right to cut regardless of whether he took hold of prosecuting witness. Some of these objections to the portions of the court's charge are very general and deserve no consideration at our hands. However, the charge as a whole is not error, is really in defendant's favor instead of being against him and in no way limited his right of self-defense. The complaint that he would have the right to cut the witness regardless of whether he took hold of him or not was not applicable to the facts of the case, as all the testimony shows that he had hold of him at the time when he cut him and when he was cutting at him. All of these matters by the court's charge and several charges given at the appellant's instance clearly presented every phase of it, even more favorably to the appellant than he was entitled under the law.

There was no error by the court in refusing to give appellant's peremptory charge to find the defendant not guilty. Neither did the court err in refusing to give appellant's special charge to the effect that the defendant was not on trial for abusive language and that the jury could not convict him for using any abusive language. In no phase of the evidence was any such charge applicable or necessary.

There is no other question raised that needs discussion at our hands. The appellant should consider himself very fortunate in being so ably defended as he was, whereby the jury only inflicted a punishment of a fine on him of $25 on evidence which would have justified, if it did not require, the infliction of a much more serious one.

There being no error the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.