## LEO STEELE V. THE STATE.

No. 19778.   Delivered May 25, 1938.

The opinion states the case.

*Cocke & Cocke,* of Wellington, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for possession of intoxicating liquor in dry area for the purpose of sale. The punishment assessed is a fine of $250.00.

Appellant's first contention is that the court erred in declining to sustain his motion to quash the complaint and information on the ground that the information failed to charge that an election was held on June 28, 1913, to determine whether or not the sale of intoxicating liquors should be prohibited in Collingsworth County and did not charge that said election resulted in favor of prohibiting the sale of intoxicating liquors in said county.

The record before us discloses that it is charged in the complaint and information that on or about the 28th day of June, 1913, an election was held under and by virtue of an order of the commissioners' court of said county, and thereupon the commissioners' court of said county did pass an order declaring the result of said election and entered the same on the minutes of said commissioners' court, showing there were 392 votes cast for prohibition and 113 votes against prohibition, which order was thereafter published for four consecutive weeks, etc. That on February 4, 1938, Leo Steele did, in said county and State, unlawfully possess for the purpose of sale intoxicating liquor; to-wit: Twelve pints of whisky, etc.

While the information might have set out more fully each order of the commissioners' court, we think it sufficient to charge the offense.

Appellant next contends that the evidence is insufficient to sustain his conviction. The testimony shows that Collingsworth County was a dry area. On February 4, 1938, A. E. Horton drove by the Texaco Warehouse, located in the town of Collingsworth. By looking under the warehouse, he saw a man's legs from above his knees down. On the south side of said ware-

house, he saw a woman. He saw the man set down two packages. He then drove past the warehouse and saw appellant and his wife. He asked both appellant and his wife if they had any whisky, to which they replied in the negative. The witness, Horton, then went to the place where he had seen the man set down the two packages and found two paper bags with handles, containing twelve pints of whisky. He also said that he saw no one at or near the place that morning except appellant and his wife.

Appellant did not testify but his wife took the witness stand and testified that her husband was a painter. That prior to the day in question he had been painting the Texaco Warehouse and tanks. That he had finished the job and was ready to start on another one. That on the morning in question, she accompanied her husband to the warehouse to assist him in carrying the ladder and paint buckets back home. That her husband had no packages of any kind when he left the house that morning and had no whisky of any kind.

While the evidence is circumstantial, we do not feel justified in holding that the circumstances are insufficient to justify the jury's conclusion of appellant's guilt.

Appellant, in due time, objected to the court's charge because of a failure to instruct the jury on his affirmative defense. However, he failed to present a requested charge thereon. This being a misdemeanor, he was required to do so in order to properly reserve the point for review by this Court. See Parroccini v. State, 234 S. W. 671; Noland v. State, 140 S. W. 100.

By bill of exception number five, it is shown that the county attorney, in his closing argument to the jury, said: "If you were being tried, I know what you would have done. You would have come up here and testified it was not your whisky."

Appellant objected to said argument on the ground that it was a reference to, and a comment upon, his failure to testify and was prejudicial to him. The objection was overruled and appellant excepted. We think this was a plain violation of Article 710, C. C. P., prohibiting any reference to or comment on the defendant's failure to testify, and constitutes reversible error. See Jones v. State, 158 S. W. 1191; Parker v. State, 201 S. W. 173; Haley v. State, 209 S. W. 675; Scarbrough v. State, 263 S. W. 917.

For the error hereinabove pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.