ROSCOE McCHRISTY V. THE STATE.

No. 20945. Delivered March 27, 1940.
On Appellant's Motion to Reinstate Appeal May 15, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The offense charged is possession of beer for the purpose of sale in a dry area, and punishment fixed at a fine of $150.00.

The recognizance in this cause is an exact counterpart in the undertaking portion thereof as the one set forth in our

cause No. 20946, I. B. Burns, Sr. v. State, this day decided, (page 267 of this volume) and is defective in the same particulars as set forth in that cause.

For the reasons therein stated this appeal is dismissed.

### ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

Peace officers located three cases of beer in a vacant barn, and were watching the barn. About 3 o'clock in the morning on the date of the alleged offense appellant and I. B. Burns, Jr., came into the yard in a car, turned out their lights and drove up to the barn, and the officers told them to put up their hands. Appellant was told to open the door to the barn. Appellant tried some of the keys he had and finally said he had lost the key. Appellant then threw something away and an officer struck him over the head with a pistol. Burns came up and said, "I have a key." Burns unlocked the door and the officers took possession of three cases of beer which were in the barn,—72 cans of 12 ounces each.

Appellant testified that he and Burns were driving around visiting different inns on the night in question, and finally, after having gone in swimming, they started home and went by the place where the beer was located. Both of them went over to get a case of beer. Appellant testified, further, that it was not his beer and that he did not have a key to the barn. It was his further version that he did not know the beer was there.

We deem the evidence sufficient to support the judgment of conviction.

Bill of exception No. 1 complains because of the fact that appellant was forced to trial with only three jurors selected by the jury commission. The bill further recites that appellant had been tried twice before with the same jury panel, for an offense of like character. The court's qualification to the bill is as follows: "That there were on hand a jury picked up by a jury commission, but it was necessary to send the sheriff out to pick up some additional talesmen to fill out the panel, and the jury acquitted the defendant in the other cases, and there was no connection between those cases and this one; they were at different times and different places, and most of the

witnesses were different." As qualified, the bill of exception fails to reflect error.

The remaining bills of exception relate to the court's charge and objections thereto. We do not understand the bills to show that appellant filed written exceptions to the charge of the court. It might be added that it appears that no requested charges covering the subjects appellant claimed were omitted from the charge were presented to the trial court. This being a misdemeanor, the requested instructions should have been presented to the court. See Steele v. State, 117 S. W. (2d) 74.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant insists that we should have reversed the judgment of the trial court on the ground of the insufficiency of the evidence to support his conviction. We have again very carefully reviewed the record and see no reason for receding from the original opinion herein delivered by this court.

Appellant also complains because we overruled his bills of exception. These bills were considered by the court and were deemed to be without merit.

Nothing new or novel having been presented by the appellant in his motion for rehearing, the same is in all things overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.