WILLIAM WINZEL v. THE STATE.

No. 2938.   Decided November 16, 1904.

**1.—Aggravated Assault—Charge of the Court.**

Where the allegation was that the aggravated assault was committed with a hoe handle inflicting serious bodily injury, it was error to charge in addition to this allegation, that if the assault was committed with premeditated design, to convict.

**2.—Verdict—Indefinite in the Light of the Record.**

Where the court submitted both aggravated and simple assault, and the verdict assessed the fine at $25, and it did not appear therefrom, or the judgment whether the punishment was assessed for simple or for an aggravated assault, the judgment was reversed.

Appeal from the County Court of Waller.  Tried below before the Hon. A. J. Harvey.

Appeal from a conviction of assault; penalty, a fine of $25.

No statement required.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Two questions are suggested for reversal; first, the indefiniteness of the verdict; and second, the error in the court's charge.  The allegation was that the aggravated assault was committed with a hoe handle inflicting serious bodily injury.  The court charged the jury, if they so believed they would convict; and also charged them to convict if they believed the assault was committed with premeditated design.  There was no authority under the pleading for the submission of the second proposition.  This, of course, was error. Grayson v. State, 42 S. W. Rep., 293; Hunt v. State, 9 Texas Crim. App., 404; Kennedy v. State, 9 Texas Crim. App., 399; Reed v. State, 9 Texas Crim. App., 472; McGee v. State, 5 Texas Crim. App., 492.

In regard to the first proposition the charge was aggravated assault, inflicting serious bodily injury by the use of a hoe handle.  The court submitted aggravated assault and simple assault.  The jury returned a verdict assessing the punishment at a fine of $25.  Neither the verdict of the jury nor the judgment state the offense of which he was convicted whether aggravated or simple assault.  This should have been done.  Hays v. State, 33 Texas Crim. Rep., 546; Franks v. State, 4 Texas Crim. App., 431; Bowen v. State, 28 Texas Crim. App., 498; Cooper v. State, 20 S. W. Rep., 979.  Had the court submitted only the issue of aggravated assault, the verdict would have been responsive and sufficiently definite; or had the court only submitted the issue of simple assault, the verdict might have been sufficient.  But both degrees were submitted, and the jury failed to specify the degree.  The judgment is reversed and the cause remanded.

*Reversed and remanded.*