### J. C. Moody v. The State.

#### No. 3717.    Decided December 4, 1907.

**1.—Aggravated Assault—Verdict—Charge of Court.**

On trial for aggravated assault where the court submitted the issues of aggravated and simple assault, and the jury found a general verdict assessing the defendant's fine at $25, without stating whether they found him guilty of aggravated or simple assault, the same was reversible error. Following Lee v. State, 55 S. W. Rep., 14.

**2.—Same—Evidence—Declaration and Acts of Third Parties.**

On trial for aggravated assault it was error to admit the acts and declarations of a third party after the difficulty, with reference to the prosecuting witness.

**3.—Same—Charge of Court—Presumption of Innocence—Reasonable Doubt.**

Upon trial for aggravated assault the court, in his charges, should not have assumed the facts upon which the State relied as having been proved; and should have so framed his charges as to throw the burden on the State to make out a case beyond a reasonable doubt; and should not have framed his charges in the negative in such manner as perhaps to leave the jury under the impression that the reasonable doubt was in favor of the State.

Appeal from the County Court of Delta. Tried below before the Hon. John L. Ratliff.

Appeal from a conviction of assault; penalty a fine of $25.

The opinion states the case.

*Patteson & Sharp,* for appellant.—A party charged with crime is not bound by the declarations of a third party in the absence of proof that the parties were acting together in some way in the commission of the crime, and such acts and declarations made by a third party after the crime is committed is not admissible in the trial of the defendant for any purpose. Vaden v. State, 25 S. W. Rep., 777; Wilson v. State, 51 S. W. Rep., 516; Evers v. State, 31 Texas Crim. Rep., 318–324; Duncan v. State, 39 Texas Crim. Rep., 115; McIntire v. State, 20 Texas Crim. App., 325.

It is error for the court, in his charge, to assume that any fact is proven in the absence of testimony to support it, especially is that so when it is against the defendant. The court should always in his charge

to the jury apply the law to the facts of the case at bar. And should not charge abstract propositions of law not supported by the facts of the case on trial. 15 Texas Crim. App., 598; 9 Texas Crim. App., 95; Connor v. State, 11 Texas Crim. App., 390.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The verdict in this case is as follows: "We, the jury, find the defendant guilty and assess his punishment at a fine of $25. S. T. Johnson, foreman." The court submitted the issues of aggravated and simple assault in his charge. We are unable to state of which offense the jury found appellant guilty. Article 751 of the Code of Criminal Procedure, provides, "Where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree (naming it), but guilty of any degree inferior to that charged in the indictment or information." If the issue of aggravated assault alone was submitted to the jury, this verdict would have been intelligible; it would not really have been necessary for them to state the grade of the offense. See Styles v. State, 37 Texas Crim. Rep., 599, and Lee v. State, 55 S. W. Rep., 814. Where both issues are submitted, a jury should state of which degree they convict, and where, as in this case, the verdict may have been attributed to either degree, it is too uncertain, and the court cannot know for what offense the conviction was obtained, nor how to enter judgment. See Guest v. State, 24 Texas Crim. App., 530; Slaughter v. State, 24 Texas, 410; Alston v. State, 41 Texas, 39; Senterfit v. State, 41 Texas, 186, and Lomax v. State, 38 Texas Crim. Rep., 318. These authorities, we think, are directly in point in this case. Where the party stands charged with aggravated assault, and the jury determines to convict of a simple assault, it should be specified in the verdict. See Bowen v. State, 28 Texas Crim. App., 498; Hays v. State, 33 Texas Crim. Rep., 546; 65 S. W. Rep., 94, and 372, and 59 S. W. Rep., 273. The Lee case, supra, is in point. In that case the verdict was for $25, as it is here; both issues were submitted to the jury.

Bill of exceptions shows that the State was permitted to prove by Richard Bryant that after the difficulty between himself and the prosecuting witness had terminated, and at a time when the prosecuting witness was sitting on the ground, McClanahan came up where they were and threw some soda-pop bottles, and said, "Let me to the damned son-of-a-bitch and I will kill him." Objection was urged on many grounds. The theory of the State was that Moody and Bryant and others on the occasion of the difficulty, made an assault on the prosecuting witness, and that one of the Bryants had begun the difficulty by taking the prosecuting witness to one side and catching him by the shirt collar and asking him with reference to certain insulting remarks made about the cousin of the prosecuting witness, who was also the widow of the witness' deceased brother. The State's theory was that witness and appellant and

others then began to assault him, otherwise than by catching him by the throat, with a knife and bludgeon or instruments of some sort, cutting a wound an inch and three-quarters on his shoulder, knocking him down, rendering him insensible for a short space of time, and doing him other outrages in the way of personal violence. While sitting on the ground McClanahan came up and the State was permitted to prove his acts, re- marks and conduct subsequent to the difficulty. We are of opinion this testimony was inadmissible, and should not have been used against ap- pellant.

There are quite a lot of exceptions to the court's charge, as well as to his refusal to give special instructions requested by appellant. We deem it unnecessary to go into an extended discussion of these charges. The court gave a definition of principals, and then charged, as follows: "If you believe from the evidence beyond a reasonable doubt that the defendant, J. C. Moody, did at above time and place act together with or conspire together with, or aid or abet, or encourage Richard Bryant or any other person in cutting and striking Virgil Bryant with a knife or other missile as charged, then he will be guilty of an aggravated assault. If you do not believe that defendant acted together with or aided or abetted or encouraged any other person in cutting and striking Virgil Bryant with a knife or other missile as charged, but you do believe that he (defendant) took hold of said Bryant's collar and with intent to in- jure said Bryant, then he would be guilty of a simple assault. If you believe from the evidence that J. C. Moody was present at the scene of the difficulty, but did not take part in bringing it on, nor had any under- standing at the time or previously, that it should be brought on nor acted with any other person nor aided nor caused nor encouraged any other person in the commission of the assault upon said Bryant, then you will acquit him of that charge.

"If you believe from the evidence that the defendant did not take hold of Virgil Bryant's collar with intent to injure him, then he would not be guilty of simple assault." Appellant requested some instructions intended to correct what he deemed to be errors in the quoted charges. Without going specifically into these matters, it is only necessary to ob- serve that in the submission of these issues to the jury, upon another trial, the court should not assume the facts upon which the State relied as having been proved, and should so frame his charge as to throw the burden on the State to make out a case beyond a reasonable doubt and not frame the charges in the negative way as herein quoted, and in such manner perhaps as to leave the jury under the impression that the reason- able doubt was in favor of the State. The State must show beyond a reasonable doubt that the defendant and the other parties acted to- gether in order to make the offense, and the court would not be authorized to assume or so place his charge as to make it appear to the jury that the agreement and the acting together were an admitted fact or a con- ceded fact, for it was vigorously denied. Richard Bryant had plead guilty of making an assault upon Virgil Bryant, and had assumed all

responsibility and had exonerated appellant from blame. It was an issue strongly contested by the testimony as to whether there was an acting together by the parties. Nor is the jury required to find that the parties did not act together in order to acquit; if there is reasonable doubt of their acting together, and appellant was not the party inflicting the wound, he would be entitled to an acquittal. In other words, this charge has a tendency to the reverse reasonable doubt against the accused rather than to give it in his favor. The charge should have been so framed that the jury must believe beyond a reasonable doubt the fact which constituted the offense before they could convict. Upon another trial the charge should be so framed that these matters will be presented correctly as was intended by our statute; that is, the reasonable doubt and presumption of innocence in favor of the accused.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Henderson, Judge, absent.