# DALLAS TERM, 1909.

## JACK AYCOCK v. THE STATE.

### No. 4369.  Decided January 20, 1909.

**1.—Aggravated Assault—Charge of Court—Self-defense.**

On trial for aggravated assault where defendant pleaded self-defense and where the evidence raised the issue of self-defense, the court should have charged that the right of self-defense is limited only by what reasonably appeared to defendant to be dangerous at the time, viewed from his standpoint and no other; and a charge that defendant was only permitted to use such a degree of violence as was necessary to prevent or protect himself against unlawful violence was error.

**2.—Same—Charge of Court—Ordinary Judgment.**

Upon trial for aggravated assault where the evidence raised the issue of self-defense, a charge which limited the danger threatened to defendant as to what a man of ordinary judgment believed it to be was error.

**3.—Same—Charge of Court—Defense of Property.**

Where upon trial for aggravated assault the evidence showed that the difficulty arose from a discussion of certain water rights between the parties, the question of defense of property was not involved.

**4.—Same—Verdict—Degree of Offense.**

On trial for aggravated assault the verdict should state whether defendant was found guilty of aggravated or simple assault, in the event of conviction.

Appeal from the County Court of Collin.  Tried below before the Hon. John Church.

Appeal from a conviction of aggravated assault; penalty, a fine of $250.

The opinion states the case.

*Wallace & Hughston,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault, and his punishment assessed at a fine of $250.

The prosecuting witness testified, in substance, as follows, as to the facts of the difficulty: "I know the defendant (Jack Aycock). I saw him July 25, 1907, about an hour by sun in the Mallow place. I was at the tank watering my horses.  He drove up in a buggy, hitched, got out and came to where I was; and I said to him: 'Lawrence Mallow said I own one sixth of this water and you own five sixths,' but Lawrence Mallow did not say that.  I just said it.  I was leading my horses on one side of the gate, and he (appellant)

was on the other. Just as I reached my left hand to open the gate, appellant hit me in the head with something, but I do not know what it was; the lick staggered me. He then came through the gate to the side where I was and hit me with a breast-yoke of a wagon, knocked me down with the breast-yoke and broke my nose. The breast-yoke was about three feet long, and has iron bands with iron rings in them on the ends of the yoke. The yoke is about three inches in diameter at the ends, and from four to four and a half inches in diameter in the middle. I lay on the ground some time after he knocked me down. I was in bed from the wound four or five days. I am not stout yet, and when I get hot my head hurts." The facts show that appellant had bought the crop on the land upon which the tank was situated from Mallow, and prior to selling same Mallow had agreed that prosecuting witness could get water at the tank. Prosecuting witness had several cuts on his head, and his nose was broken and some of his teeth knocked out. In addition to the above, appellant stated, that when he drove up in his buggy to the tank where prosecuting witness was, the prosecuting witness remarked that Mallow had given him the right to use the water; that if appellant did not like it, he (prosecutor) would tend to his case as soon as he got up to where he was. Thereupon he advanced upon appellant with a drawn knife in a threatening manner. Appellant struck him with a rock, and then procured a breast-yoke from a wagon and knocked him down with it, and hit him with the same after he was down, thinking he was making an effort to arise and renew the difficulty. The above is all the evidence necessary to state in order to discuss the questions involved in this record.

Appellant complains of the following charge of the court: "Every person is permitted by law to defend himself against any unlawful violence offered to his person, and to continue doing so until the danger if actual or apparent has ceased to exist, but in exercising this right of self-defense he is only permitted to use such a degree of violence as is necessary to prevent or protect himself against such unlawful violence." Among other objections urged to this charge is, that it limits the right of self-defense to the absolute necessity of the occasion. The law is, that his right of self-defense is limited only by what reasonably appeared to him to be dangerous at the time, viewed from his standpoint and no other. This charge is erroneous, and appellant's criticism is correct. Appellant had a right to act upon what appeared to him to be reasonable appearances as viewed from his standpoint at the time. Appellant's charges on this question should have been given.

The eleventh paragraph of the court's charge is as follows: "In considering the plea of self-defense, you are to view the circumstances from the defendant's standpoint, and the danger or apparent danger he was in (if any) as it appeared to him, and the law does

not require that the danger should be real if a man of ordinary judgment would have believed it to be real under the same or like circumstances." As· to what a man of ordinary judgment would believe is utterly irrelevant in passing upon the right of self-defense. This charge, therefore, is erroneous.

The facts in this case show no effort to defend property. According to appellant's testimony prosecuting witness was making an assault upon him. He had a right to defend that assault to the same extent he would any other assault. The question of defense of property is not involved by the facts of this case. The facts show that the injuries were serious. They also show that they were inflicted with a deadly weapon.

Appellant further complains that the verdict of the jury is indefinite in not stating that they found him guilty of aggravated assault. Upon another trial the verdict should respond in this respect. to the information. If the jury find appellant guilty of an aggravated assault, they should so state; if simple assault, they should so state.

For the errors pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*