### JACK AYCOCK v. THE STATE.

No. 670. Decided January 11, 1911.

**Aggravated Assault—Charge of Court—Self-Defense—Force.**

Where, upon trial of aggravated assault, the evidence showed that the alleged injured party used a knife in attacking the defendant, and that defendant was acting in self-defense in striking deceased with a breast-yoke, the

defendant was entitled to a clear cut charge on self-defense, as requested, and it was reversible error in the court's charge on self-defense to burden the same with the issues of excessive force and continuing the assault after the danger had passed; these issues, if raised by the evidence, should have been submitted in separate charges.

Appeal from the County Court of Collin. Tried below before the Hon. John Church.

Appeal from a conviction of aggravated assault; penalty, a fine of $65.

The opinion states the case.

*Wallace Hughston, G. R. Smith* and *W. R. Abernathy,* for appellant.—On question of court's charge: Aycock v. State, 55 Texas Crim. Rep., 142, 115 S. W. Rep., 590; Hall v. State, 43 Texas Crim. Rep., 479.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault and battery. This is the second appeal. The first appeal, as decided, is reported in 55 Texas Crim. Rep., 142. While the statement contained in the report of the case in that volume is meagre, we are of opinion that it is perhaps sufficient for a decision of some of the main questions involved on this appeal.

The State's theory, it will be noted, from a report of the case, was that appellant made an unjustified assault and battery upon Tom Bradley with a rock and a breast yoke, inflicting injury upon him—among other things, broke his nose. Under appellant's theory of it, he fought in self-defense, inasmuch as his evidence shows the deceased was advancing upon and about to attack him with a knife. The knife was found on the ground where the difficulty occurred. He threw a rock at Bradley and struck him on the head, and as Bradley came on he seized the breast yoke and fought with that, and the record shows by the testimony of appellant that when Mr. Bradley ceased trying to fight he, appellant, desisted from further violence. Appellant excepted to the charge given by the court and asked several instructions to correct errors or supposed errors on the part of the court. The court gave this charge: "Every person is permitted by law to defend himself against any unlawful violence offered to his person and to continue doing so until the danger, actual or apparent, has ceased to exist, but in exercising this right of self-defense he is only permitted to use such degree of violence as is necessary to protect himself against such actual or apparent violence, and this right of self-defense is limited only by what reasonably appeared to be dangerous to the defendant at the time viewed from his standpoint and no other." Many grounds of exception are urged to this charge; that it is on the weight of the evidence, it is vague, indefinite and obscure;

that it is contradictory in stating in one clause the law of self-defense is limited by necessities of the occasion and in another clause states that it is limited by the appearance of danger; and that it is not a clear, unambiguous statement of the law of self-defense, nor was such a charge given in any other portion of the court's charge. The court follows this charge up with the following: "Now, if you believe from the evidence that the defendant in inflicting the injury upon the said Tom Bradley, as charged in the information, if he did, in his own necessary self-defense against the assault of said Tom Bradley or in preventing such assault, actual or apparent, as charged in section 7, and that he did not in either event use greater force than was necessary under the circumstances as it reasonably appeared to him at the time, you will find him 'not guilty.'" It is suggested this portion of the charge is erroneous, misleading, upon the weight of the evidence, too restrictive and unlawfully limits the right of self-defense; and that it is meaningless; that it does not state any fact whatever upon which defendant's plea of self-defense could be predicated, and that there is no statement of the facts which would authorize defendant's acquittal and it does not authorize the jury to view the facts as they appeared to the defendant and that it limits the right of self-defense to what is actually necessary instead of limiting it to what is reasonably necessary, and in order to acquit appellant under the charge they had to find that defendant used no more force than was necessary, whereas, under the law if the jury had a reasonable doubt on this issue, it should be resolved in defendant's favor and he should have been acquitted. To meet these matters the appellant wrote out some charges and requested the court to give them, which the court promptly declined. This charge, among others, was requested: "When a person is unlawfully assailed he has the right to use force against force and defend himself by the use of every means within his power to defend himself against such assault. And in this connection you are instructed that the defendant has the right to act upon the appearance of danger as fully and to the same extent as if the danger were real and it reasonably appeared to the defendant viewed from his standpoint at the time and from no other that he was in danger, then he had the right to defend himself by the use of every means in his power to protect himself from such real danger and from such apparent danger as fully and to the same extent as if the danger were real." He also requested a charge that where a person is unlawfully assailed he is not bound to retreat, but may defend himself against either an actual or apparent danger. He also requested the court to charge the jury that appellant had the right to use such force as appeared to him, under the circumstances to be necessary and until the danger had passed and in passing upon this question they had to view it from the standpoint of the defendant, although they might not themselves find and believe that appellant did actually use force after the real danger had passed. The court

was also requested to charge the jury that if·Bradley told the defendant that he would fix his case, or tend to his case as soon as he got up there and advanced toward defendant with a drawn knife and such knife was calculated to produce death or serious bodily injury upon the person of defendant, then the law presumed it was the intention of Bradley to inflict upon defendant death or serious bodily injury. We are of opinion that the court's charge as given was too restrictive and did not present the law of self-defense in the clear-cut way required by our statute. These charges were refused. The court gave no clear-cut charge on self-defense, independent of restrictions the court thought ought to be imposed by reason of excessive force and continuing the assault after the danger had passed. The court is not authorized to pass upon these questions. This is the province of the jury. Appellant had the right under his testimony to have the jury pass upon the clear-cut issues of self-defense and if the facts justified or called for a charge on excessive force after the danger had passed, these matters should be submitted in separate charges. Appellant not only excepted to the court's charge, but requested special instructions. We are, therefore, of opinion that the charge of the court was too restrictive and did not present the law as it should have been in these issues and for which reason the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Prendergast, Judge, not sitting.