# JANUARY 8, 1941

JOHN H. BOWLES V. THE STATE.

No. 21257. Delivered October 30, 1940.
Rehearing Denied January 8, 1941.

512

The opinion states the case.

*Combs & Dixie* and *J. William Wiseheart,* all of Houston

*(King C. Haynie,* of Houston, of counsel on appeal only), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is negligent homicide; the punishment, confinement in jail for six months.

The complaint and information embraced separate counts charging negligent homicide of the first degree and negligent homicide of the second degree. The trial was before the court without the intervention of a jury. After hearing the evidence, the trial court merely found appellant guilty and assessed his punishment at confinement in jail for six months. Nowhere in the judgment was it stated whether the appellant had been found guilty of negligent homicide of the first degree or of the second degree. We are without the aid of a statement of facts. Appellant contends that the judgment is fundamentally defective in failing to state of which count in the complaint and information appellant was found guilty.

It is observed that the punishment upon a conviction for negligent homicide in either the first or second degree could have been six months confinement in jail. See Article 1237, P. C., and Article 1242, P. C. The punishment referred to in Article 1242, supra, relates to negligent homicide when the unlawful act "attempted or executed is known as a misdemeanor." Article 1243, P. C., prescribes the punishment for negligent homicide in the second degree when the act "intended is one for which an action would lie, but not an offense against the penal law." In the present case we are not concerned with the article last mentioned, as the complaint and information herein charged the negligent performance of a lawful act, as is described in Article 1231, P. C., and, further, the performance of an unlawful act made penal by law and called a misdemeanor. See Subdivision 1, Article 1240, P. C.

In Moody v. State, 105 S. W. 1127, it is shown that the complaint and information charged Moody with having committed an aggravated assault, which charge, by virtue of the statute, (Art. 694-695, C. C. P.,) included simple assault. The jury merely found Moody guilty, not stating whether of aggravated assault or simple assault, both offenses having been submitted in the charge. The punishment assessed was a fine of twenty-five dollars, which was the highest punishment for

simple assault and the lowest for aggravated assault. This Court held that the verdict was uncertain to the extent that a judgment could not be based upon it. We quote from the opinion, as follows: "Where both issues are submitted, a jury should state of which degree they convict; and where, as in this case, the verdict may have been attributed to either degree, it is too uncertain, and the court cannot know for what offense the conviction was obtained, nor how to enter judgment."

In Lewis v. State, 217 S. W. 695, Judge Lattimore, speaking for the court, used language as follows: "The authorities all hold that, where the court submits to the jury different grades of an offense included by statute in the one charged in the information, and a general verdict of guilty is returned, fixing a punishment which might be given for more than one of the grades of offense submitted in the charge, such verdict will be bad; * * *."

It is the general rule that a verdict of conviction, in order to be sufficient, must "contain either in itself or by reference to the indictment or information all the elements of the crime of which the defendant is found guilty." 42 Texas Jurisprudence, 470. Bearing in mind that the judgment of the court herein is based alone upon the finding of the court that appellant was guilty—there being no jury—it would appear that whether such finding under the circumstances reflected by the record is sufficiently definite should be determined in the light of the judicial precedents construing the sufficiency of verdicts. Giving application to the principles controlling, it is manifest that this Court is in no position to determine from the finding of the trial judge herein whether appellant had been convicted of negligent homicide of the first degree or negligent homicide of the second degree. In Hampton v. State, 244 S. W. 525, it was pointed out that negligent homicide in the first degree and negligent homicide in the second degree are fundamentally different. We quote Article 1231, supra, as follows: "Whoever in the performance of a lawful act shall by negligence and carelessness cause the death of another is guilty of negligent homicide of the first degree. A lawful act is one not forbidden by the penal law and which would give no just occasion for a civil action."

We quote Article 1238, P. C., as follows: "The definitions, rules and provisions of the preceding articles of this chapter, with respect to negligent homicide of the first degree, apply also to the offense of negligent homicide of the second degree, or such as is committed in the prosecution of an unlawful act, except when contrary to the following provisions."

Article 1240, P. C., reads as follows: "Within the meaning of an 'unlawful act' as used in this chapter are included:

"1. Such acts as by the penal law are called misdemeanors; and

"2. Such acts, not being penal offenses, as would give just occasion for a civil action."

It is seen from the statutes above quoted that in negligent homicide of the first degree the act is lawful, whereas in negligent homicide of the second degree the act performed by the accused is unlawful. It is evident from a reading of the complaint and information that the two counts embraced therein charge a single transaction resulting in the death of I. P. Smith. There being a fundamental difference between the offenses charged, and there being but a single transaction, appellant could not be found guilty of both offenses. Of which offense he has been convicted we are unable to determine from the record before us. It therefore follows that the failure of the court to specify whether the conviction was for negligent homicide of the first degree or negligent homicide of the second degree renders the judgment uncertain to the extent that it can not be amended by this court, and especially would this be true in the absence of a statement of facts.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

We have before us the State's motion for rehearing.

In the absence of a statement of facts and any bill of exception, if by any legitimate construction the judgment of the trial court can be sustained, it is our duty to do so.

The case having been tried before the court without a jury, of course, we have no charge to a jury, nor the verdict of a jury to aid us. The finding of the court where the case is tried before him is equivalent to the verdict of a jury in the present instance, and as reflected by the judgment it apprises us of nothing save that the court found appellant "guilty," and

516

assessed a punishment of six months in the county jail. The judgment does not recite of what offense appellant was adjudged to be guilty, but simply remands him to jail for six months.

The question before us usually arises where an accused has been charged with an offense consisting of degrees, such as aggravated assault, which includes simple assault, and the verdict or judgment simply finds accused "guilty," and assesses a punishment which might be inflicted for either simple or aggravated assault. Illustrative, see Moody v. State, 52 Texas Cr. R. 232, 105 S. W. 1127, cited in our original opinion; Winzel v. State, 47 Texas Cr. Rep. 267, 83 S. W. 187; Kinchen v. State, 80 Texas Cr. R. 106, 188 S. W. 1004. We wish to emphasize what was said by this Court in the case last mentioned and quote therefrom as follows: "* * * we wish to call the attention of trial courts and prosecuting officers again to the necessity of having the jury specify in the verdict the grade of the offense of which the appellant is convicted in cases where more than one degree or grade of the offense included in the indictment is given in charge to the jury. It saves trouble and prevents questions arising on the appeal that are unnecessary or ought to be unnecessary. These questions ought not incumber records on appeal. For instance, where aggravated and simple assault are submitted to the jury, the jury should specify in their verdict of which grade of the offense they convict. There are numerous other statutes where inferior grades of offenses are included or may be included under the evidence in the charge of the court. Wherever this is the case, the verdict of the jury should specify the degree of the offense of which the jury convict."

While the court was there speaking of jury verdicts and judgments thereunder, it has equal application to similar cases tried before the court without a jury.

The State's pleading in the present case in one count charges negligent homicide of the first degree, and in another count negligent homicide of the second degree. The plea of appellant was not guilty to both counts. The very wording of the statute, (Arts. 1230 to 1243 P. C., inclusive,) makes negligent homicide an offense of two grades or degrees. Both were charged against appellant. The punishment assessed is applicable to either, yet neither the finding of the trial court nor the judgment entered disclose of which offense appellant was convicted.

There is a memoranda at the top of the judgment as follows: "March 30, 1940, Negligent Homicide Second Count." This memoranda may hint that probably appellant was found guilty

of negligent homicide of the second degree, but it does not supply the failure of the judgment to so recite. The seventh paragraph of appellant's motion for new trial says: "The Court erred in finding defendant guilty of negligent homicide in second degree when the undisputed evidence showed the collision to be an unavoidable accident."

The said motion was only a pleading in the cause and cannot be utilized by this Court to supply deficiencies in the judgment, for which there seems little excuse.

The motion for rehearing is overruled.