## E. P. JONES V. THE STATE.

No. 21345. Delivered March 12, 1941.

The opinion states the case.

*Mark M. Carter,* of Goose Creek (*King C. Haynie,* of Houston, of counsel on motion for rehearing only), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction for negligent homicide; punishment assessed at thirty days in jail.

On original submission the case appeared as one having

neither statement of facts nor bills of exception in the record, and in an opinion of date January 8, 1941, it was so disposed of by judgment of affirmance. On January 22, 1941, appellant filed a motion for a rehearing, among other things calling attention to the fact that in all substantial particulars the State's pleading and the judgment in this case were the same as in Bowles v. State, No. 21,257, which had been reversed on October 30, 1940, and the State's motion for rehearing overruled on January 8, 1941. (140 Texas Crim. Rep.. 511.) This contention was overlooked in passing on the overruling of the motion for rehearing in the present case. In a request for leave to file a second motion for rehearing appellant again calls attention to the opinions in the Bowles' Case, supra, not yet reported.

The complaint and information contained two counts, the first charging appellant with negligent homicide of the first degree, and the second charging him with negligent homicide of the second degree. This case differs from the Bowles Case only in the fact that the present case was tried before a jury. However, no instructions to the jury appear in the record and we are advised that an oral charge was given as is permissible under Article 663, C. C. P., but we are not informed from the record what the oral instructions were. We are without a statement of facts. Therefore we do not know what evidence was developed on the trial nor what laws applied relative thereto. The verdict returned by the jury reads as follows: "We, the jury find the defendant guilty as charged and assess his penalty at thirty days in jail." Upon that verdict the court adjudged only that appellant pay the costs of prosecution and that he be committed to the sheriff to be confined in jail for thirty days. Neither the verdict nor judgment specify of what degree of negligent homicide appellant has been found guilty. Having no charge of the court before us and no facts proven on the trial, we are without data from which the judgment could be reformed. There is no alternative but to reverse the judgment for the reasons clearly set out in the opinions in Bowles v. State, supra.

The judgment of affirmance and the judgment overruling appellant's motion for rehearing are set aside and the opinions withdrawn and the present opinion substituted therefor. The mandate heretofore issued is recalled. The judgment of the trial court is now reversed and the cause remanded.