ROBERT A. PEHL V. STATE.

No. 24398. June 22, 1949.
Rehearing Denied October 12, 1949.

*Dixie & Ryan,* and *King C. Haynie* (on appeal only), Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was given a commitment of three months in the county jail upon his conviction on a complaint charging negligent homicide of the first degree.

His trial was to the court without a jury. We find no bills of exception in the record and a motion for new trial has only one complaint, that the judgment is contrary to the law and the evidence.

The evidence in the case presents no serious conflict as between the state and the defense. The deceased and his three companions were driving towards the city of Houston in the early morning. The engine of their car stopped and deceased got out to blow in the tank, as he had done previously the same morning, to relieve the trouble which he thought to exist. The appellant, driving a large truck, was going in the same direction. Both were on the right hand side of the road. He ran into the car while three of the boys were seated in it and the deceased was standing either behind or by the side of the parked car. It is undisputed that the impact was terrific. The deceased was knocked to one side and the automobile was pushed more than a hundred yards down the road. It was the state's allegation and evidence that appellant was negligent in several respects, all of which resulted in his failure to avoid the accident and in the death of the boy. Others in the car were injured and carried by ambulance to a hospital. The court heard the evidence, found appellant guilty and assessed the punishment.

Appellant's brief in the case contains an exhaustive treatise on four complaints, the first of which is that the information is fatally defective in that it charges only a legal conclusion. The authorities cited do not sustain his contention.

His second complaint is that Article 1231 of the Penal Code does not charge an offense, that it is a mere abstraction and not capable of practical application. Summarizing, the brief says:

"It is Appellant's contention that Article 1231, P. C. creating the offense of negligent homicide of the first degree is void for want of due process of law, under the Fourteenth Amendment to the Constitution of the United States, for the reason that said statute fails to prescribe with reasonable certainty the elements of said offense. 12 C. J. 1203."

Article 1231 of the Penal Code has furnished the basis for many prosecutions. So far as we are able to ascertain, this is the first time the exact attack has been made on it. However, its constitutionality has been impliedly passed upon many times. We do not deem it necessary to enter into a discussion of the authorities cited in appellant's brief. We have given careful attention to them and are not in accord with the contention made.

Any discussion of the third and fourth complaints may be eliminated because of our view as to the validity of the first complaint.

Finding no reversible error, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant challenges the sufficiency of the complaint and information to authorize and sustain his conviction for the offense of negligent homicide in the first degree.

We have examined the complaint and deem it sufficient to charge the offense as defined by Art. 1231, P. C. The complaint and information charge that on or about the 28th day of August, 1948, Robert A. Pehl, was then and there engaged in the performance of a lawful act, to-wit, he did then and there drive and operate a motor vehicle, called a truck, on the Katy Highway, a public highway in said county, and did then and there while so engaged, by negligence and carelessness cause the death of Morris Jacobs, Jr., by then and there running said truck into and colliding with and striking the said Morris Jacobs, Jr., who was then and there upon said highway, thereby bruising and mangling and crushing the body of the said Morris Jacobs, Jr., from which injuries the said Morris Jacobs, Jr., then and there died, and the death of the said Morris Jacobs, Jr., was then and there caused by the said negligence and carelessness of the defendant. The complaint then sets forth five separate and distinct acts of negligence as follows: (1) failing

to keep a proper lookout for the deceased who was on the highway near and just behind an automobile in which he had been riding and which had stalled on the highway; that both vehicles were headed in the same direction; that it was daytime and there was nothing to obstruct the view of appellant had he been looking to see where he was driving; (2) that he failed to see the deceased in time to reduce the speed of his truck to avoid running into the deceased and his automobile; (3) that he failed to keep his truck under proper control by reason of its operation at a fast rate of speed; (4) that he failed to apply the breaks upon his truck in time to avoid running into the automobile of the deceased; and (5) that he failed to guide his said motor vehicle away from the said Morris Jacobs, Jr., as a person of ordinary prudence would have done under like circumstances and did negligently drive his truck against the said Morris Jacobs, Jr., and his automobile and did thereby cause the death of the deceased, there being then and there no apparent intention to kill the said Morris Jacobs, Jr., but there was an apparent danger of causing the death of the said Morris Jacobs, Jr., which fact would have been known to the said defendant if he had used that degree of care and caution which a person of ordinary prudence would have used under like circumstances.

The allegations of negligence averred in the complaint and information in the instant case are very similar to the allegations in the complaint and information contained in the case of Taubert v. State, 146 Tex. Cr. R. 582 (176 S. W. 2d 955). In that case as in this case the sufficiency of the complaint and information was the question. However, the court held that the third ground of negligence averred, which was the same as that in the present instance, was sufficient. Whether or not certain acts constitute negligence is generally a question of fact to be determined by the jury and not the court unless it involves an act prohibited by law which would constitute it negligence per se.

Appellant next contends that the complaint and information charge him with negligent homicide in the second degree as defined by Art. 1238, P. C. This contention is untenable for the reason that Art. 1239, P. C., provides as follows: "Negligent homicide of the second degree can only be committed when the person guilty thereof is in the act of committing or attempting the commission of an unlawful act." Nowhere in the complaint is appellant charged with the commission of an unlawful act or that he was attempting to commit an unlawful act.

Appellant next contends that Articles 1231, P. C. and 1240, P. C. are in conflict. We fail to find any conflict in said articles. Appellant cites us to the case of Stevenson v. State, 145 Tex. Cr. R. 312 (167 S. W. 2d 1027), as sustaining his contention. We are familiar with that case, but it has no application to the instant case. In that case there were three separate statutes defining the offense of polluting fresh water streams and each prescribed a different penalty, but such is not the case here.

His final complaint is that the evidence is not sufficient to sustain his conviction. We think there was sufficient direct and circumstantial evidence to sustain the allegation that he did not keep a proper lookout for the deceased or any other person who was on the highway. It was daylight; the sun was shining brightly; and there was nothing to obstruct the view down the highway in front of him. He testified that he first saw the automobile into which he drove his truck when he was about 200 yards behind it; that he saw no person at or about the automobile. He left San Antonio late in the afternoon the day before; drove to Fredericksburg; and left there about 9 p. m. for Houston. He had been driving all night. This would lead to the conclusion that he was tired and fell asleep which accounts for his failure to see the Negro boy at the rear of the automobile. The issue as to whether or not he was negligent was an issue of fact for the jury and not this court.

From what we have said it follows that the motion should be overruled, and it is so ordered.

Opinion approved by the court.