HOSEA DON FERGUSON V. STATE.

No. 29,885. June 25, 1958.

*Conway and Navarro,* by *Peter S. Navarro, Jr.,* and *King C. Haynie* (on appeal only), all of Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The information was in two counts, the first alleging negligent homicide while engaged in the lawful act of driving an automobile and the second charging negligent homicide while engaged in the unlawful act of driving to the left of the center of

the highway in overtaking and passing another vehicle proceed-in the same direction when the left side of the highway was not free of oncoming traffic for a safe distance and failing to return to his own right side before coming within 100 feet of the on-coming traffic.

Both counts were submitted to the jury and the following verdict was returned:

"We, the jury, find the defendant guilty as charged and assess his punishment at 182 days in jail."

Upon this verdict judgment was rendered adjudging appellant guilty of negligent homicide as charged in the first count of the information, and from such judgment this appeal is prosecuted.

The punishment assessed by the jury was one authorized for either negligent homicide in the first degree, charged in the first count (Art. 1237 V.A.P.C.), or negligent homicide in the second degree, charged in the second count (Art. 1242 V.A.P.C.).

Appellant attacks the sufficiency of the verdict for its failure to specify upon which count or for which offense the defendant was found guilty and assessed a jail term.

The state confesses that the verdict is insufficient in the particular mentioned and that reversal of this conviction is called for. We agree. See Jones v. State, 141 Texas Cr. Rep. 314, 147 S.W. 2d 575; Bowles v. State. 140 Texas Cr. Rep. 511, 146 S.W. 2d 183; Moody v. State, 52 Texas Cr. Rep. 232, 105 S.W. 1127.

The judgment is reversed and the cause remanded.