HOWARD MORRIS DAVIS V. STATE.

No. 31,087. December 9, 1959.
Motion for Rehearing Overruled January 13, 1960.

*Henry Tirey* and *M. J. McNicholas,* by *M. J. McNicholas,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William D. Cox, Jr., Henry L. Baccus, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for negligent homicide in the first degree; the punishment, 6 months in jail.

The information was in two counts; the first count charging appellant with negligent homicide in the first degree while in the performance of the lawful act of driving a motor vehicle upon a public highway and the second count charging appellant with negligent homicide in the second degree while in the performance of an unlawful act of failing to stop his motor vehicle in obedience to a traffic control device while operating the same upon said public highway.

The acts of negligence which were alleged in the first count to have caused the death of the deceased were that the appellant failed to drive his automobile away from the automobile occupied by the deceased; and that he failed to keep his motor vehicle under proper control and failed to keep a proper lookout.

Both counts were submitted to the jury and in its verdict the jury found appellant guilty under the first count.

Briefly the state's evidence shows that on the date alleged, the appellant, while driving his 1946 Dodge truck upon a public street in the city of Dallas was involved in a collision with an automobile in which the deceased, Mrs. E. E. Pitts, was an occupant. The collision occurred at the intersection of South Marsalis Street and Ledbetter Drive where a traffic control "stop and go" light was in operation. In the collision Mrs. Pitts sus-

tained certain internal injuries from which she died several days later.

According to the state's witnesses the collision occurred in the intersection as the automobile occupied by the deceased was making a left turn on a green light and the truck driven by the appellant entered the intersection on a red light while traveling west on Ledbetter Drive at approximately 35 miles per hour.

Prior to the collision the automobile occupied by the deceased had stopped at the intersection for a red light when approaching from the North on Marsalis Street. The collision between the two vehicles was practically head-on and from the point of impact the automobile traveled approximately 45 feet and the truck approximately 90 feet.

Testifying as a witness in his own behalf appellant admitted driving into the intersection when the traffic light was red but stated that the reason he did not stop was because of a mechanical failure of the brakes on his truck. He further stated that he was only traveling between 15 and 20 miles per hour and that when he entered the intersection he turned "up the street" with the automobile in an effort to avoid the collision.

Appellant insists that the court erred in permitting the state to show that after the collision the appellant stated to one of the officers at the scene during the investigation of the wreck that he had trouble with the brakes on his truck, over the objection that the statement was made while he was under arrest. The record does not show that appellant was under arrest when making such statement to the officer; hence no error is shown. Parker v. State, 163 Texas Cr. Rep. 479, 294 S.W. 2d 120. Furthermore, similar testimony was later admitted in evidence without objection and for such further reason no error is presented.

Appellant next insists that the court committed reversible error in refusing to declare a mistrial after state's counsel had inquired of appellant on cross examination as to what stopped him from driving after the collision and also when one of the investigating officers stated in his testimony that he had asked the appellant about the old inspection sticker on his windshield. Appellant insist that such question and statement by the officer constituted an inference that he had been convicted of some offense which was not shown to be a felony or one involving moral turpitude. The record reflects that appellant's objections

to the question and to the statement of the officer were both sustained and the jury instructed not to consider the same. Under the record we perceive no error in the court's refusal to declare a mistrial.

We overrule appellant's remaining contention that the court erred in permitting one of the officers while testifying as a witness for the state to read from his notes. The record does not reflect that the officer read from his notes while testifying but at the most only shows that he was permitted to refer to notes which he had made to refresh his memory. This was clearly permissible and proper. Bridges v. State, 166 Texas Cr. Rep. 556, 316 S.W. 2d 757.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.