VERN BEARDEN V. STATE

No. 32,077. June 25, 1960

Motion for Rehearing Overruled October 19, 1960

Second Motion for Rehearing Overruled November 9, 1960

DAVIDSON, Judge, dissented.

*Lawrence Arnim,* Houston, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, F. Lee Duggan, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for negligent homicide in the first degree; the punishment, 365 days in jail.

The count of the information under which the conviction was had alleged that appellant was engaged in the performance of the lawful act of driving an automobile on a public highway and while so engaged did by negligence and carelessness cause the death of Arthur Melton Mixon who was driving an automobile traveling on said highway by negligently and carelessly causing his automobile to collide with said other automobile.

The acts of negligence which were alleged in the second count to have caused the death of the deceased were that the appellant failed to guide his automobile away from the automobile occupied by the deceased; that he failed to keep a proper lookout; that he failed to keep his automobile under proper control and failed to yield the right of way to the automobile occupied by the deceased.

The evidence shows a collision between two automobiles at the intersection of two roads; one road running east and west and the other running north and south. The only witness who testified that he saw the collision stated that he was traveling east, stopped at the intersection, that he then saw an automobile traveling north about 500 feet to his right on the north and south road; that after he had turned to his left at the intersection and had traveled about 150 feet he saw the north bound automobile in his rear view mirror as it entered the intersection, and at which time he saw a "red flash" from the east strike the automobile traveling north and turn it completely around and it stopped in a ditch. He further testified that he did not see anyone walking along the road or any persons around the intersection on foot; and that he did not go to the intersection after the collision.

Calvin L. Peake testified that he was the first person to

arrive at the scene of the collision which was within a few minutes after it occurred; that he was acquainted with the appellant and when he arrived at the scene he found him lying "in the ditch under the front of his car" and removed him "from under his car" and placed him against the bank of the ditch so he could breathe. He then went to the other car where he saw a man in the front seat who appeared to be dead and the body of a woman partly under the car who was dead, and that he was acquainted with them. He further testified that he did not see any other persons on the road when he arrived at the scene.

Deputy sheriff Cashiola and Lieutenant Johnson of the patrol division of the sheriff's department testified that they had received training in the investigation of accidents and had been investigating accidents for about 9 and 11 years respectively. They testified that they investigated the collision in question and stated and described the facts and circumstances of what they saw and found as to the measurements of the roads and the intersection, and the skid marks, tire drags, point of impact, and the location and extent of the damage to the two automobiles involved in the collision. Officer Cashiola while testifying identified photographs made shortly after the collision showing the intersection and the roads and the condition and position of the two cars involved as they came to rest following the impact. The photographs were introduced in evidence and are contained in the record.

The proof shows that the collision caused the death of the man in the car traveling on the north and south road and named in the information.

Appellant did not testify but recalled the state's witness Calvin Peake in order to show the color of deceased's car.

The evidence is sufficient to authorize the jury's finding that the appellant while lawfully driving an automobile upon a public road negligently failed to guide his automobile away from the automobile occupied by the deceased, or failed to keep a proper lookout, or, failed to keep his automobile under proper control, or by his failure to do any two or all of them, thereby causing said collision which resulted in the death of the person named therein.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, (dissenting).

This is a conviction for negligent homicide of the first degree. The jury so expressly found.

Negligent homicide of the first degree arises only while the accused is in the commission of a lawful act.

The information upon which the conviction and finding of the jury were predicated charged the commission by appellant of an unlawful act arising under negligent homicide of the second degree. The unlawful act alleged was that appellant "did fail to yield the right of way to an automobile on said other highway pursuant to a 'yield-right-of-way' sign at or near said intersection, which said sign was facing the said highway upon which the said defendant was traveling * * * ."

The effect of that allegation was to charge appellant with having disobeyed the instructions of a traffic-control device, made unlawful by Sec. 32 of Art. 6701d, Vernon's R. C. S.

Moreover, and in addition to the foregoing, the information —in the same count as that of the above—alleged acts of negligence in the commission of a lawful act.

The information, therefore, charged in the same count two separate and distinct offenses—that is, negligent homicide of the first degree (Art. 1231, Vernon's P. C.) and negligent homicide of the second degree (Art. 1239, Vernon's P. C.).

One cannot be guilty of both offenses in the same act. Bowles, 140 Tex. Cr. R. 511, 146 S. W. 2d 183.

The information was invalid and did not authorize the conviction.

I dissent.