Glen Albert DUNN, Appellant,

v.

The STATE of Texas, Appellee.

No. 37925.

Court of Criminal Appeals of Texas.

March 17, 1965.

Rehearing Denied May 5, 1965.

Second Motion for Rehearing Denied
June 9, 1965.

Howard B. Law, Tom Purnell, Dallas, for appellant.

Henry Wade, Dist. Atty., John Nelms, Ross Teter and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for negligent homicide in the second degree; the punishment, one year in jail.

The indictment charged that while engaged in the performance of an unlawful act of driving and operating an automobile "in violation of and failing to obey a red traffic light and signal * * * lawfully existing and erected by the city of Dallas, a municipal corporation," the appellant did by negligence and carelessness cause the death of Guy William Hall by causing his (appellant's) automobile to collide with the automobile driven by the said Hall, thereby causing injuries to the said Hall, from which injuries he died.

We overrule appellant's contention that the indictment is fatally defective because it does not clearly and sufficiently set out the elements of the offense.

The indictment charged commission of the unlawful act of failing to obey a red traffic light and signal. It was alleged that the unlawful act and offense was committed in the County of Dallas and State of Texas. The failure to describe the light and signal or to allege the street and city where the unlawful act was committed did not render the same insufficient. The use of the term "red traffic light and signal" did not render the indictment duplicitous, and it was not necessary under the ordinance stipulated to negative any exceptions therein. We do not agree that the indictment failed to allege the facts constituting negligence. The negligent act was the unlawful act of violating the traffic signal, as alleged. Pettigrew v. State, 163 Tex.Cr.R. 194, 289 S.W.2d 935.

The evidence was undisputed that on the night in question the appellant, while driving his automobile in a westerly direction on Main Street in the city of Dallas, was involved in a collision with an automobile being driven by the deceased in a southerly direction on Ervay Street. In the collision, which occurred near the center of the intersection, the deceased received certain injuries from which he died.

It was shown, by stipulation, that certain traffic control signals consisting of red, yellow, and green lights were in operation at the intersection which had been installed by the city and that to pass on a red light without coming to a complete stop was a violation of the city ordinance.

The state's witness Johnnie Vanburen Wheat testified that on the night in question he was on duty as a night watchman at a department store and that he witnessed the collision. The witness testified that appellant entered the intersection when the traffic light facing him was red, and that deceased drove his vehicle into the intersection when his traffic light was green.

Testifying in his own behalf, appellant swore that when he drove into the intersection the traffic light was green.

The jury, by their verdict, resolved the dispute in the testimony against the appellant, and we find the evidence sufficient to sustain their verdict.

Error is urged to the court's action in admitting certain evidence offered by the state to the effect that appellant was intoxicated at the scene of the collision.

An examination of the record reflects that the evidence was offered to rebut appellant's own testimony that he had consumed no alcoholic beverage prior to the collision. The record further shows that while appellant objected to some of the testimony, there was other and similar testimony relative to his intoxication admitted without objection. No reversible error is

presented. Davis v. State, 168 Tex.Cr.R. 588, 330 S.W.2d 443.

 We overrule appellant's remaining contention that the statutes defining the offense of negligent homicide in the second degree are invalid because of indefiniteness. Articles 1230–1243, Vernon's Ann.P.C. The offense of negligent homicide in the first degree has been held to be sufficiently defined. Morris v. State, 35 Tex.Cr.R. 313, 33 S.W. 539; Pehl v. State, 153 Tex.Cr.R. 553, 223 S.W.2d 238. Upon this authority we uphold as valid the statutes defining the offense of negligent homicide in the second degree.

The judgment is affirmed.

Opinion approved by the court.

## ON MOTION FOR REHEARING

MORRISON, Judge.

The appellant again contends that the indictment charging him with negligent homicide in the second degree is fatally defective for the failure to clearly allege essential elements of the offense. Specifically, appellant urges that the indictment did not allege that the offense occurred within the territorial limits of the city of Dallas, that there was no allegation that the traffic light was located within the city of Dallas, and that there was no allegation of violation of an ordinance of the city of Dallas.

The pertinent portion of the indictment charging the unlawful act states that appellant "was in the performance of an unlawful act, to wit, driving and operating a motor vehicle, to wit, an automobile in violation of and failing to obey a red traffic signal * * * lawfully existing and erected by the city of Dallas, a municipal corporation."

The above quoted language clearly charges that the offense took place in the city of Dallas, and that the traffic light was lawfully erected within the corporate limits of the city of Dallas because such city had no "lawful" authority to erect

traffic control devices except within its corporate boundaries. The city of Dallas, a municipal corporation, had authority by virtue of Article 6701d, Section 31(a), Vernon's Ann.Civ.St., to place and maintain such traffic control devices within its jurisdiction, and violations thereof were made punishable by the provisions of Article 6701d, Section 143, supra. It was not necessary for the indictment to allege that this prosecution was predicated upon the violation of a city ordinance.

Appellant's motion for rehearing is overruled.