**Rufus Peter DeMARY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40879.**

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

On Motion to Reinstate Appeal Jan. 31, 1968.

Fred A. Carver, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., James Sparks, Jr., Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for negligent homicide in the first degree; the punishment, a fine of $1,000.

The record on appeal does not include a sentence pronounced by the court, as required by Art. 40.09–1, C.C.P.

Art. 42.02, C.C.P., provides that a sentence must be pronounced and entered of record in every felony case and in every misdemeanor case except where the maximum possible punishment is by fine only.

Art. 42.04, C.C.P., requires that sentence be pronounced before an appeal is taken in a case of this nature.

 If a sentence was in fact pronounced in the case but there was a failure for some reason to enter such sentence, it may be entered nunc pro tunc. Art. 42.06, C.C.P. If, on the other hand, no sentence was ever pronounced, the trial court may now pronounce sentence and appellant may then appeal from that sentence if he so desires. Clemons v. State, Tex. Cr.App., 414 S.W.2d 940, 941.

The appeal is dismissed.

## OPINION ON MOTION TO REIN- STATE THE APPEAL

WOODLEY, Presiding Judge.

Sentence which was pronounced prior to notice of appeal has been entered nunc pro tunc and made a part of the record on appeal by supplemental transcript.

The motion to reinstate the appeal is granted and the grounds of error set forth in appellant's brief will be considered and disposed of.

Prosecution was upon a two count indictment, the first alleging negligent homicide while in the performance of the lawful act of driving an automobile on a public highway, and the second charging negligent homicide while in the performance of the unlawful act of driving an automobile on the left side of the road, the allegation being sufficient to charge violation of Art. 6701d, Sec. 56, V.A.C.S.

Both counts were submitted to the jury and appellant was found guilty under the first count, of negligent homicide in the first degree.

Appellant's first ground of error relates to his motion to quash the indictment "for the reason that the allegations as to negligent homicide in the first degree clearly set forth a just occasion for civil action, and that in doing so, the allegations of the indictment are contrary to Art. 1231 under which this indictment rests, for the reason that said statute provides that any action which would give just occasion for a civil action can not be the basis of a negligent homicide first degree."

A similar contention was overruled in Simmons v. State, 109 Tex.Cr.R. 157, 3 S.W.2d 449, and the negligent homicide statutes which have not been materially changed since enacted as a part of the original Penal Code of Texas have been upheld as constitutional. Ex parte Kindell, Tex. Cr.App., 415 S.W.2d 922; Pehl v. State, 153 Tex.Cr.R. 553, 223 S.W.2d 238; Dunn v. State, Tex.Cr.App., 390 S.W.2d 775.

The argument that Art. 1231 P.C. defines no offense for the reason that it is impossible for an act to be both negligent and lawful, and the contention that the Texas Wrongful Death Statute (Art. 4671 V.A.C.S.) "negates any possibility of the commission of the offense of negligent homicide in the first degree" confuses the act being performed and the act or acts relied upon to constitute negligence (which under Art. 408a V.A.C.C.P. must be alleged "with reasonable certainty").

■ The degree of negligent homicide and the punishment applicable are not determined by the act or acts relied upon to constitute negligence and carelessness but by the act in the performance of which such negligence and carelessness occurred.

■ Where the act of negligence and carelessness which causes the death of another is committed by one in the performance of an act which is not forbidden by the penal law, and would itself give no cause for a civil action, the offense is negligent homicide in the first degree and the punishment is confinement in jail not exceeding one year *or* by fine not exceeding $1,000.

Difficult problems do arise where, in the prosecution of the driver of a motor vehicle upon a public highway for negligent homicide, the state relies upon the act being performed as the act constituting negligence.

■ Appellant's ground of error No. 5 complains that a fatal variance existed between the allegation of the indictment and the proof offered by the state in that the indictment alleged that he negligently drove his automobile into and against the other automobile and thereby caused the death of the deceased who was an occupant, and further alleged that he failed to turn to the right side of the highway in time to avoid a collision, whereas the state's proof established that his automobile did return to the right hand side of the road in time to avoid a collision and was not driven into the other vehicle, but slid into it when he lost control.

Another allegation of negligence in the first count of the indictment was that appellant failed to keep his automobile under proper control by reason of its operation at a greater speed than a person of ordinary prudence would have done under like circumstances, and sufficient evidence was introduced to sustain the jury's verdict.

We find no merit in this ground of error.

Ground of error No. 6 complains that the court erred in overruling appellant's motion to require the district attorney to elect as to whether the case was to go to the jury on first or second degree negligent homicide.

■ The offenses involved the same transaction. A fact issue was raised as to whether appellant was in the performance of the misdemeanor offense defined by Art. 6701d, Sec. 56, V.A.C.S., or had returned to the right side of the highway before the collision occurred. The court did not err in refusing to require the state to elect. Bowles v. State, 140 Tex.Cr.R. 511, 146 S.W.2d 183, cited by appellant, does not sustain this claim of error. It was the absence of a finding by the jury as to which count Bowles was guilty, and not the submission of both degrees of negligent homicide, that required the reversal in Bowles v. State, supra, and in Ferguson v. State, 166 Tex.Cr.R. 432, 314 S.W.2d 601.

■ Appellant's grounds of error 3 and 7 relate to the court's charge. There were no objections in writing (Art. 36.14 V.A. C.C.P.) and no written instruction or requested charges timely presented to the court in writing, as required by Art. 36.15 V.A.C.C.P. The questions sought to be presented by grounds of error 3 and 7 are not before us for review.

■ Ground of error No. 2 complains of the refusal of the trial court to declare a mistrial because of misconduct of the assistant district attorney in placing appellant's criminal record and mug shots at the end of the table nearest the jury box where it was visible to the jury.

The record does not reflect any proof that the record referred to was exhibited to the jury or that its contents were made known to any juror.

The trial judge heard evidence in the absence of the jury and declined to declare a mistrial. We find no reversible error.

█ Ground of error No. 4 also complains of the refusal of the trial court to declare a mistrial "when the assistant district attorney alluded to the failure of the *witness* to testify on the voir dire examination of the prospective jurors." The ground of error is obviously without merit.

The judgment is affirmed.